LULU E. PITTS, APPELLANT, V. MARGARET J. BURDICK, APPELLEE.

FILED MARCH 26, 1912. No. 17,012.

The petition shown in the abstract and set out in the opinion, examined, and *held* insufficient.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Matters & Matters* and *J. H. Grosvenor,* for appellant.

*Charles P. Craft, contra.*

FAWCETT, J.

From a judgment of the district court for Hamilton county, sustaining a general demurrer to her petition and dismissing her suit, plaintiff appeals.

The abstract of the petition, prepared and filed by plaintiff, shows that Charles B. Burdick, father of the plaintiff and husband of the defendant, being seized of certain real estate, died in 1902, testate; sets out the

second, third and sixth paragraphs of the will of the deceased, which, it states, was duly proved and probated in the county court of Hamilton county. It then sets out the substance of the remaining averments of the petition, which, aside from formal allegations, are that defendant claims to be the owner in fee of all of the property described in the will, and that she "threatens to sell, consume and dispose of all of said property in a manner unreasonable and injurious to the reversionary interests and rights of said plaintiff, and inconsistent and prejudicial to the intention of the testator." The prayer is for a construction of the will; for an injunction restraining defendant from disposing of the property "in a manner unjust and unreasonable and prejudicial to the interests of the said plaintiff and the intention of the testator," and that defendant be required to give security to insure plaintiff "the future enjoyment of her rights in said property, unimpaired and in accordance with the provisions of said will."

The general demurrer interposed by defendant admits every fact well pleaded in the petition; but when we eliminate the conclusions of law, which the demurrer of course does not admit, the petition is insufficient to entitle plaintiff to the relief demanded. That defendant has a perfect right to sell the real estate and convert it into money is conceded, and the allegation that she "threatens to sell, consume and dispose of all of said property in a manner unreasonable and injurious to the reversionary interests and rights of said plaintiff, and inconsistent and prejudicial to the intention of the testator," is a mere conclusion of law, and is too vague, indefinite and uncertain to warrant the court in requiring defendant, as a condition of her future enjoyment of the provisions made for her in her husband's will, to give security for the benefit of the plaintiff; a condition which, so far as the abstract shows, the deceased himself never imposed upon her.

AFFIRMED.