IN RE ESTATE OF ROBERT L. ROBINSON.
BETTY DELL BARNHART, APPELLANT, V. MARTIN J. HEDELUND
ET AL., EXECUTORS, APPELLEES.

298 N. W. 559

FILED JUNE 6, 1941. No. 31072.

*Charles E. Foster* and *Harry C. DeLamatre,* for appellant.

*Charles Battelle, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

ELLIS, District Judge.

This is an appeal from the action of the district court sustaining a demurrer to petition of appellant, Betty Dell Barnhart, and subsequent dismissal of appellant's action. The action in the district court was on an appeal from the county court.

The appellant's petition in the district court alleged the death of the testator, the allowance and admission of his will to probate, and that appellant was a legatee and devisee by virtue of the following provisions of said will: "I hereby

give, will and bequeath to Betty Dell Barnhart, to whom I owe a debt of much value as well as gratitude, and make this bequest to her in payment for all the care and attention she has given to me. She has cared for me and my house for no other consideration than an act of mercy and a desire to help one who was not physically able to help himself. She has shown great interest in my house and has advanced several hundred dollars of her own funds for repairing and fixing the house for comfort and beauty and therefore it is my wish and desire that Betty Dell Barnhart shall be paid for her services and care of me, and the money she has advanced shall be refunded to her; and I do hereby will and bequeath to her, the home at 912 South 38th Avenue in Omaha, Douglas county, Nebraska, free of all encumbrance, and if the heirs of my estate object to her receiving the house, then, it is my desire and wish that the executors and trustees of my will be commanded to deliver to Betty Dell Barnhart, the full sum of Fifteen Thousand Dollars ($15,000) in any stocks, bonds or securities I may possess at the time of my death, instead of giving the home to her."

The petition further alleged that the widow of the testator elected to take under the statute, and that the real estate referred to in the quoted part of the will was found to be a homestead and the rights of homestead therein assigned to the widow.

The petition further alleged that certain of the residuary legatees, being sons and a daughter of the testator, named in the will filed an instrument reciting that they "do hereby object to the will of said Robert L. Robinson, whereby, under the terms and provisions of the same, the property located at 912 So. 38th Ave. is devised and bequeathed to Betty Barnhart and we elect to take under the statute."

The petition further alleged that the executors and heirs at law had ignored the provisions of the will providing for the disposition of the real estate, had demanded and took possession thereof by an action in forcible entry and detention, and had failed and refused to set aside and turn over to appellant stocks and bonds in the sum of $15,000.

The petition further alleged as follows: "Your petitioner further shows the court that said estate appears to be insolvent, and that it was necessary to sell all of said capital stock to pay debts, and it is now impossible to deliver any stocks, bonds or securities to the petitioner, and that by reason thereof, the real estate known as 912 So. 38th Ave., must be set over to the petitioner and possession thereof be given to her at once, and in connection therewith your petitioner alleges that the fair market value of the same does not exceed the sum of $2,000. That your petitioner as the devisee of the homestead of Robert L. Robinson, deceased, is entitled to the homestead exemption in said property against the claims of all creditors to the extent of the $2,000 allowed by the Nebraska Homestead Law, to the devisee of an owner of a homestead."

The petition further alleged that upon the filing of the final report and petition for final settlement in the county court the appellant filed objections thereto, prayed for a finding that appellant was a devisee under the will and entitled to immediate possession of the homestead as the owner thereof and for an accounting by the executors of rents collected from said property; objecting to any final decree other than one assigning the homestead property to appellant; and an adverse ruling and decree by the county court.

In her petition in the district court the appellant prayed for a construction of paragraph 3 of the will, assignment of the real estate to her, and an accounting of rents therefrom, and that in the event the court found that there was an ambiguity in said paragraph the court permit introduction of extrinsic evidence to aid in the interpretation of said will.

There are other allegations in appellant's petition which it is not considered necessary to set forth here.

To the petition the defendants interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action, with the resulting rulings by the court as indicated at the outset.

The only pertinent errors assigned are that the judgment is contrary to law and that the court erred in dismissing the case on demurrer for the reason, as appellant contends, that the petition does state a cause of action for the interpretation of the will.

While the case came to the district court on appeal from the judgment and decree of the probate court, since the basis of the appeal and the appellant's complaint of the probate court's judgment was error in construction of the will, and the prayer for relief hinges on construction of the will by the district court, we see no reason why the petition may not be challenged in the district court by demurrer and considered in all respects as though the action was an original one for construction of a will. That a petition for construction of a will in an action instituted in the district court is subject to demurrer was held by this court in *Pitts v. Burdick*, 91 Neb. 123, 135 N. W. 372.

From the partial synopsis of the petition, as set forth herein, it will be observed that the petition was rather involved. However, when reduced to the essential allegations, it sets forth *in haec verba* the provision of the will under which appellant claims, election by the widow to take under statute, objections by heirs, insolvency of the estate and appellant's claim to the real estate. The essence of the prayer is for construction of the will and an accounting of the rents from the real estate. It is obvious that the latter relief could only be ancillary to and is dependent upon a construction which would establish plaintiff's right to the real estate.

The allegations of the petition are not sufficient to create any issue of appellant's right under the alternative provision in the will to have securities assigned to her in lieu of the real estate, but are limited to a statement of the basis of appellant's claim to the real estate.

The demurrer, admitting, as it did, the facts pleaded but not the legal conclusions, challenged the appellant's claim of right to a trial and the relief prayed for. Does the petition successfully meet this challenge? The answer to

this question depends upon (1) whether the petition, its allegations of facts being admitted, sets forth sufficient facts to enable the court to construe the will and thereby test the construction alleged to have been given it by the probate court, as a matter of law; (2) does the petition by its allegations negative the need and admissibility of extrinsic evidence as an aid to construction? (3) was the construction alleged to have been given it the only one allowable under the facts pleaded?

We think the answer to these questions must be in the affirmative. We think the petition does set forth sufficient facts to enable the court to determine the intention of the testator and the ultimate disposition of the real estate in issue and that the appellant's claim thereto (and the rents therefrom) is not supported by the facts alleged in her petition.

Against this conclusion the appellant urges two propositions. The first is based on the following statement from 19 Am. Jur. 545, sec. 82: "Impossibility of performance of a condition subsequent which is not attributable to the grantee results in the vesting of the estate freed from the condition. The same result follows where the condition possible at the time of its creation subsequently becomes incapable of performance by reason of circumstances attributable to the grantor, to acts of the third persons to whom the services constituting the condition are to be rendered, to acts of a condonee, such as a cograntee, colegatee, or codevisee, or to an act of God."

We think the rule cited is not applicable. The expressed desire of the testator that appellant should have the real estate is not a devise subject to a condition subsequent, but clearly seems to be one of two alternative provisions for her benefit, with the power to determine between them left to the testator's heirs. The paragraph of the will which is in question is replete with expressions of the reasons for and the desire of the testator that she should have the real estate, but immediately following the actual words of devise the testator says *"and if* the heirs of my estate object to her

receiving the house, *then* * * * to Betty Dell Barnhart, the full sum of * * * $15,000 in any stocks, bonds or securities I may possess at the time of my death, *instead of giving the home to her."* (Italics ours.)

It seems clear that the testator recognized the possibility and perhaps even the probability of dissatisfaction on the part of his heirs and by equally clear implication accorded to them the power to defeat his purpose and desire. Otherwise there would have been no purpose in the alternative provision. That this alternative bounty was defeated by the simple circumstance of insolvency cannot reverse the provision of the will so as to give to the appellant that which the testator contemplated might be diverted from her by the contemplated action of his heirs.

It may be worth while to note that the objection (here the practical equivalent of an election) contemplated by the testator is not the election by a spouse to take under the statute, but was an election in his heirs to *completely* nullify the devise of the real estate. The widow was doubtless an heir within the language of the will (see *In re Estate of Hanson,* 118 Neb. 208, 224 N. W. 2), and while the petition alleges an election by her to take under that statute, it also alleges that sons and a daughter filed objections to the provision in the will giving the real estate to appellant. It thus appears that the devise was completely nullified (a result clearly contemplated by the testator) and the alternative provided by the testator to meet that event became operative.

We are therefore not dealing with the consequences of an ordinary election by a spouse to take under the statute. Neither is this a case of ademption or abatement, and hence rules of law both as to construction and the admission of extrinsic evidence in those situations have no application.

We conclude that from an examination of the will itself it is clear that the testator contemplated that the contingent devise of the real estate might be wholly defeated by objections of his heirs and that upon the happening of that event it was his intention that the appellant should be limited

to securities in his estate for the satisfaction of her claim upon his bounty. The event having happened, the appellant has no rights in the real estate, and this result is not changed by her disappointment in the bequest due to insolvency.

The second proposition urged by appellant is that she was entitled to an opportunity to introduce extrinsic evidence in aid of construction, and that had she been given an opportunity to do so a different construction would result.

The same contention was made in *Lincoln Nat. Bank & Trust Co. v. Grainger*, 129 Neb. 451, 262 N. W. 11, and this court said: "The rule in this and most other jurisdictions is well established that, in construing a will, the whole thereof will be considered by the court, and from its four corners the court will determine the intent of the testator and give effect thereto if lawful. * * * Parol evidence is not admissible to determine the intent of a testator as expressed in his will, unless there is a latent ambiguity."

"Where words in a will are unambiguous, no evidence, however strong, should be considered to prove an unexpressed intention varying from that which the words taken in their primary sense indicate." *Woelk v. Luckhardt*, 134 Neb. 55, 277 N. W. 836.

The appellant argues that extrinsic evidence should be admitted for the reason that, unless this is done, "how can the court know what evidence can be introduced by the plaintiff?" In the view that we take of the will in question, the only purpose to be served by extrinsic evidence would be to change the will or to aid in the making of a new one, one which the testator might have or did intend, but did not in fact make. It is fundamental that extrinsic evidence is never admissible for such a purpose.

The will was dated May 29, 1935, and the testator's death did not occur until November 14, 1938. He must have known during the intervening period to what extent the net value of his estate would satisfy his alternative provision for the appellant. Having failed to change his will to meet his changed circumstances, the courts are powerless to do so.

We conclude that extrinsic evidence was not admissible

and that the construction of the will by the county court, as disclosed by appellant's petition, was right. The action of the district court was therefore right and it is

AFFIRMED.