LOUIS MYERS, APPELLEE, v. HALL COUNTY, APPELLANT.

FILED NOVEMBER 22, 1935. No. 29387.

14

*William P. Mullen,* for appellant.

*B. J. Cunningham, H. G. Wellensiek* and *W. P. Lauritsen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

ROSE, J.

Louis Myers, plaintiff, presented to Hall county, defendant, a claim for damages caused by the dynamiting of trees along a highway in front of his residence. The claim consisted of the following items: Damage to walls, plaster

and ceiling of house, $326; damage to chimney and chimney wall, $100; permanent damage to house, $500; destruction of 14 trees of the value of $50 each, $700; damage to fence, $50; total, $1,676. The county board disallowed the claim and plaintiff appealed to the district court where he recovered a judgment for $400 on the verdict of a jury. Defendant appealed to the supreme court.

The principal point urged for a reversal of the judgment below is the failure of the district court to sustain a motion by defendant to strike from the record plaintiff's petition on appeal and enter a nonsuit on the ground that the petition was not filed within the legislative period of 50 days from the date of the county board's order disallowing the claim. Comp. St. 1929, sec. 21-1306.

The right of plaintiff to appeal to the district court from the county board's order disallowing his claim was granted by statute. Comp. St. 1929, sec. 26-119. The procedure on appeal from the county board is the same as on appeal from a justice of the peace. Comp. St. 1929, sec. 26-121. On appeal by a plaintiff from a justice of the peace, a nonsuit should be entered in the district court, if the petition on appeal is not filed within 50 days from the date of the order from which the appeal is taken, "unless the court, on good cause shown, shall otherwise order." Comp. St. 1929, sec. 21-1307.. Plaintiff gave notice of appeal and furnished an appeal bond in compliance with law and filed in the office of the clerk of the district court within 30 days a transcript of the proceedings of the county board. The district court thus acquired jurisdiction. The record, however, shows that the county board disallowed the claim of plaintiff December 22, 1931, and that he did not file his petition on appeal until February 20, 1933, a delay of more than 50 days.

The contention of defendant is that the district court erred in overruling the motion to strike the petition from the files and in refusing to enter a nonsuit for the asserted reason that the record does not show "good cause" for the failure to file the petition within the statutory period. The

point is not well taken on the record presented for review, for the following reasons: The district court had, and in fact entertained and exercised, jurisdiction; overruled the motion to strike the petition from the files; ordered defendant to answer; required the parties to proceed to trial after the issues were joined by petition, answer and reply; submitted the issues to the jury and entered judgment on their verdict. The district court is, by law, a court of general jurisdiction. In a case in which it exercised jurisdiction, its power to do so may be presumed on appeal, in absence, of a showing to the contrary in the record for review. Defendant brought up the judicial record. It does not affirmatively disclose that good cause for the delay in filing the petition was not shown. There is no bill of exceptions showing the proceedings upon the preliminary hearing of the motion to strike the petition from the files and enter a nonsuit. The bill of exceptions in the record is confined to the trial on the merits of the cause. Defendant, therefore, did not bring up a record disclosing an affirmative showing that good cause for the delay was not shown. A showing of good cause for the delay is implied by the rulings of the trial court. In a court of general jurisdiction, where jurisdiction is exercised in proper proceedings, a presumption of its existence may be indulged on appeal to sustain a judgment in absence of a record showing the contrary, but nonexistence of jurisdiction will not be presumed to reverse a judgment. For the reasons stated, the assignment of error raising the question considered is overruled.

The original petition on appeal is also challenged on the ground that it is not verified. That defect is not jurisdictional. An amended, verified petition was filed before trial. Defendant answered the petition on which the cause was tried. With the record in this condition, prejudicial error cannot be based on the failure of plaintiff to verify the original petition.

Instructions and the verdict are grouped for the purposes of a criticism which, upon investigation, is found to be without merit.

The judgment is fully sustained by the evidence. An error available to defendant for a reversal has not been found upon a critical examination of the record.

In the brief of plaintiff he calls himself a "cross-appellant" as well as an "appellee" and seeks relief in excess of the verdict, claiming interest thereon and treble damages allowable by statute for the loss of his trees. Plaintiff did not take a cross-appeal and is not entitled to an increase in his recovery on the appeal of defendant in an action at law. There being no reversible error available to either party, the judgment of the district court is

AFFIRMED.