IN THE MATTER OF THE ESTATE OF FRANK GRBLNY, DECEASED.
WALTER R. JOHNSON, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, APPELLEE, v. FRANK ABEGG, APPELLANT.

22 N. W. 2d 488

FILED APRIL 5, 1946. No. 32036.

*Charles A. Fisher,* for appellant.

*Walter R. Johnson, Attorney General, Beatty, Clark & Murphy, H. Emerson Kokjer,* and *C. S. Beck,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This case originated in the county court of Box Butte

County, wherein on October 23, 1942, the Attorney General filed a petition seeking the removal of Frank Abegg, hereinafter called defendant, as trustee of an alleged charitable trust, public in character, created by the last will and testament of Frank Grblny, deceased. Relief was sought under section 30-1805, R. S. 1943, because the trustee was alleged to have kept and retained in his possession, or converted to his own use, all the funds and property belonging to the trust without furnishing bond, as required by order of the county court, in the manner and within the time provided by sections 30-1801 and 30-1802, R. S. 1943.

Upon notice to the trustee and issues tendered, a hearing was held and the county court made appropriate findings and entered judgment removing defendant as trustee. He appealed to the district court where pleadings were filed reiterating the issues. Hearing was had and the district court entered its decree affirming the judgment of the county court and finding and adjudging generally for plaintiff and against defendant. Defendant's motion for new trial was overruled and he appealed to this court.

His assignments of error are substantially as follows: (1) That the county court had no jurisdiction of the subject matter, therefore, the district court had none on appeal; (2) that the Attorney General did not have the right or power to maintain the action; (3) that the trial court erred in overruling defendant's motions to nonsuit the plaintiff and strike plaintiff's petition on appeal because filed out of time; (4) erred in overruling defendant's application and showing for change of judge or change of venue; (5) erred in proceeding to trial when the county attorney and alleged beneficiaries were not before the court; (6) erred in the admission and exclusion of certain evidence; and (7) generally that the decree of the district court was contrary to law and not sustained by the evidence. We find that these contentions cannot be sustained.

Primarily we have presented for decision only ques-

tions of law dependent upon undisputed facts. Insofar as they are important to decision the facts are substantially as follows: Frank Grblny died testate January 19, 1933. His will was duly admitted to probate in the county court of Box Butte County on March 3, 1933. On that date defendant was appointed executor in which capacity he quali-fied and served until discharged as such on August 6, 1940. Thereafter he assumed to continuously act as trustee of the alleged charitable trust created by the will. Since decree of distribution, and at the time of the trial, defendant had at all times in his possession, purportedly as trustee, all of the trust funds and property belonging to the testamentary trust estate.

In that connection the will provided: "7th:—The balance or residue of my estate, both real and personal of which I may die seized shall be held by my executors hereinafter named as a trust fund; said trust fund to be invested by them and the income from the said fund is to be divided as follows; One half to be used for the care and education of the poor people of the Holy Rosary Parish, Alliance, Nebraska, * * *.

"10th—I hereby give to my executors hereinafter named full power to decide as to what children are to receive help and aid from the fund hereinbefore created.

"LASTLY, I make, constitute and appoint C. A. Newberry and Frank Abegg to be Executors of this my last Will and Testament, hereby revoking all former wills by me made."

C. A. Newberry designated in the will as one of the executors was deceased prior to the death of the testator.

The testator's will did not direct that no bond be required of the trustee and August 10, 1940, the county court entered an order directing defendant as trustee of the trust estate to furnish bond in the sum of $5,000, as required by law. On that date, and at all times since, defendant had full and complete notice and knowledge of the entry of such order. Nevertheless, thereafter at all times and until October 26, 1942, after this action was com-

menced and he had notice thereof, defendant failed, neglected, and refused to furnish the bond as required. That he otherwise violated his duties and obligations as testamentary trustee and failed to meet the requirements of section 30-1801, R. S. 1943, is beyond question. It is admitted by him in his own testimony.

It was in the light of these facts and the issues upon which they were presented that the district court affirmed the judgment of the county court entered December 7, 1942, ordering defendant removed as trustee; requiring him to account for, deliver, and pay into the county court forthwith all sums, securities, notes, mortgages, and other property and amounts of every kind and character belonging to the trust estate for delivery to a successor trustee upon his appointment and qualification. Further the district court by its own decree removed defendant as trustee of the trust estate and ordered and directed him forthwith to account for and turn over all trust assets to the county court for delivery to a successor trustee upon his appointment and qualification. The decree ordered defendant to make an accounting to such successor trustee of his acts and doings as such trustee from the time of his appointment to the date thereof and awarded plaintiff all costs. The district court also ordered its judgment certified to the county court and that such proceedings be had therein as were necessary to carry its judgment into execution.

We conclude that the evidence sustains the judgment of the district court and unless there is some reason in law requiring the court to conclude otherwise it must be affirmed.

In that regard we are first confronted with the question whether the county court had jurisdiction of the subject matter. It is the contention of defendant that it did not because the district court generally has exclusive jurisdiction over the supervision of trusts. He relies primarily upon Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745; In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456;

and John A. Creighton Home v. Waltman, 140 Neb. 3, 299 N. W. 261, but they do not sustain the contention because not controlling in the situation at bar.

It is the general rule that jurisdiction of the subject matter in a court of record is to be tested by the authorized extent of the powers of the court in respect to the cause of action before it. In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829. As chapter 42, Laws 1931, the Legislature of this state adopted a statute entitled: "AN ACT to invest the county court with jurisdiction of trust estates created by the wills of deceased persons; to provide for the qualification, appointment and removal of testamentary trustees, and for the management and settlement of such trust estates." The act now appears as article 18, ch. 30, R. S. 1943. Its provisions are so clear and conclusive of the question of jurisdiction of the county court in all testamentary trust estates that we quote the act at length. It provides as follows:

Section 30-1801, R. S. 1943. "Every trustee to whom any estate, real or personal, shall be devised or bequeathed in trust for, or in whom as trustee any trust shall be created in any manner in favor or for the benefit of any minor or other person by the will of any deceased person, or who may be appointed by any county court to carry out the provisions of any will which creates a trust without naming a trustee, shall give bond to the county judge having jurisdiction of the probate of the will in such sum and with such sureties as the court may order, conditioned as follows: (1) To make and return to the county court, within such time as the court shall direct, a true inventory of all goods, chattels, rights, credits and estate so devised or bequeathed; (2) to file an inventory and render an account to such court of the trust estate in his hands, of the management, disposition and income thereof, at such times as' the court shall direct; (3) to faithfully execute such trust under the direction of the court according to the true intent and meaning thereof; and (4) to adjust and settle his accounts with such court at the expiration of his

trust, and pay and deliver to the person entitled thereto all balances, money and property in his possession and for which he is liable as such trustee. But if the testator in his will has directed that no bond be required of such trustee, none need be given by him, unless the court, at the time of proving the will or thereafter, shall determine that a bond is required by a change in the circumstances or situation of the trustee or for other sufficient reason. The cost of the premium for procuring a bond shall be allowed the trustee."

Section 30-1802, R. S. 1943. "Any person appointed trustee by any will who shall refuse to give the bond required by section 30-1801, or neglect to do so for twenty days after receiving notice that such bond is required, shall be deemed to have declined such trust."

Section 30-1803, R. S. 1943. "If any trustee, appointed in any will not containing a provision for perpetuating the trust, shall refuse to accept the same, or shall resign, be removed or die, or if a trust be created by the will and no trustee be therein named to execute such trust, a trustee may be appointed by the county court after notice to the persons interested in such trust estate. Every trustee so appointed by the court shall be bound by the provisions of sections 30-1801 to 30-1805 in the same manner and to the same extent as though appointed by will, and the estate so given in trust shall vest in such trustee in like manner, to all intents and purposes, as the same vested in the original trustee named in such will; and he may demand, sue for, and recover from any other person holding the same any and all property belonging to such trust estate."

Section 30-1804, R. S. 1943. "Any trustee so appointed by will or by the court may, upon a request in writing, be permitted to resign the trust if the court shall think it expedient."

Section 30-1805, R. S. 1943. "Any trustee who shall become disqualified by insanity or incapacity, or who shall be evidently unsuitable to perform his duties as such

trustee, or who shall neglect or refuse to comply with the provisions of sections 30-1801 to 30-1805, shall be removed by the court after notice to such trustee and other parties interested."

In re Estate of Greenamyre, 133 Neb. 693, 276 N. W. 686, this court said: "Appellant cites the case of In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456, which holds that under our statutes the probate jurisdiction of the county court ceases when an executor, who is also a trustee under the will, makes his final settlement." After citing other cases relied upon by appellant the opinion said: "The Nebraska cases hereinbefore set out, as to lack of jurisdiction of the probate court to appoint and manage a trustee not specifically named in the will, were decided before the enactment by the Nebraska legislature in 1931 of the statute relating to trust estates in the county court. Chapter 42, Laws 1931, invests county courts with jurisdiction over trust estates. It provides generally that a trustee may be appointed by any county court to carry out the provisions of any will which creates a trust without naming a trustee, and that he shall give bond, and file an inventory, and render account of the trust estate in his hands. The county court is authorized to settle accounts and close such trust estate.

"We see no reason why this statute passed in 1931 does not apply to all existing trusts and trusteeships in the county court, even though the appointment was made prior to the enactment of the statute."

In re Estate of Linch, 136 Neb. 705, 287 N. W. 88, it was held: "Sections 30-1801 to and including 30-1805, Comp. St. Supp. 1937, apply to all trustees appointed either before or after enactment, and relate to procedure requiring the trustee to make and return to the county court a true inventory of all the property coming into his possession, to faithfully execute the trust under the direction of the court, and to settle his account with the court at the expiration of his trust."

John A. Creighton Home v. Waltman, *supra,* does not

hold that the county court had no jurisdiction to require a testamentary trustee to furnish a bond or to remove him for failure to do so. It simply held in effect that the district court was vested with chancery jurisdiction whatever jurisdiction might have been vested in other courts. The act of 1931 contains no provisions attempting in any manner to deprive the district court of its inherent equity jurisdiction over the supervision of the administration of trusts generally of which, as held in Burnham v. Bennison, *supra,* it cannot be legislatively deprived. The act simply conferred jurisdictional powers upon the county court in all testamentary trust estates, such as the one at bar, without depriving the district court of its original equitable powers, whether inherent or conferred. The result is that the county court and the district court have concurrent jurisdiction in supervision over the administration of testamentary trusts.

Contention is also made by defendant that sections 30-239 and 30-240, R. S. 1943, confer exclusive jurisdiction of devises to educational or charitable uses upon the district court. The answer is that those sections were in full force and effect at the time of the adoption of chapter 42, Laws 1931, which is a special legislative act complete in itself. The applicable rule is that where a legislative act is complete in itself but is repugnant to or in conflict with a prior law, which is not referred to nor in express terms repealed by the later act, the earlier statute is repealed by implication. State ex rel. Thayer v. School District, 99 Neb. 338, 156 N. W. 641. In such a situation, of course, the repeal is only effective to the extent of the repugnancy or conflict.

We conclude that under the 1931 Statute, and our former construction thereof, that the county court had jurisdiction in the case at bar to order defendant's removal, appoint a successor trustee, and require defendant to make an accounting as such to the court, and transfer, deliver, and pay to such successor all balances of property and money in his name and possession or for which he was liable at all

times as trustee. We find that the decree of the trial court so provided.

Whether the Attorney General had the right and power to maintain this action depends upon whether testator's will created a charitable trust. It is generally held that a will devising money or property to an executor in trust, the income to be used for the care and education of the poor people of a church parish creates a charitable trust with a general purpose. John A. Creighton Home v. Waltman, *supra*; 10 Am. Jur., Charities, § 62, p. 629; 14 C. J. S., Charities, § 15, p. 444, and § 42, p. 488; Restatement of the Law, Trusts, § 370, p. 1146.

It was said by this court in State ex rel. Hunter v. Home Savings & Loan Ass'n., 137 Neb. 231, 288 N. W. 691: "As to charitable trusts, the attorney general has long been recognized as having the right, in the absence of some statutory limitation, to maintain an action for enforcement of the trust, or to prevent a misuse of the property. 10 Am. Jur. 668, § 115.5. In 2 Restatement, Trusts, § 391, the following statement is made: 'Since the community is interested in the enforcement of charitable trusts, a suit to enforce a charitable trust can be maintained by the attorney general of the state in which the charitable trust is to be administered.' "

In Rohlff v. German Old People's Home, 143 Neb. 636, 10 N. W. 2d 686, this court approved the following statement of the law: " 'There can, therefore, be no question but that the attorney general is in any case a proper party in a litigation involving a charitable trust, whether he appears as plaintiff or as defendant. * * * But though he is a proper party in any case, he is not for that reason in all cases a necessary party. "The public interests must be directly and essentially, rather than remotely and accidentally, involved as to some distinct issue in order to prevent the cause from proceeding to a decision without the presence of the attorney general as a party." ' Zollmann, Charities, 427, 428. It would seem therefore that the attorney general is a necessary party to any action in-

volving a gift or trust with a general charitable purpose, and conversely, if the gift or trust involved only a special charitable purpose * * *." See, also, 14 C. J. S., Charities, § 62, p. 528; 62 A. L. R. 882; 124 A. L. R. 1238.

We conclude that the Attorney General had the right and power to maintain this action, thereby enforcing a testamentary trust estate having a general charitable purpose, and preventing a misuse, dissipation, and loss of the money and property of the estate. Defendant's contention that the county attorney of Box Butte County was a necessary party is without merit because section 84-204, R. S. 1943, specifically provides that the Attorney General shall have the same powers and prerogatives in each of the several counties of the state as the county attorneys have in their respective counties.

Defendant's contention that the trial court erred in its refusal to nonsuit the plaintiff or strike his petition on appeal from the files arises because after defendant had appealed to the district court and duly filed his transcript and bond, plaintiff failed to get his petition on appeal filed within 50 days from the date of the judgment in the county court. We call attention to the fact that motion was filed by plaintiff asking for leave to file the petition out of time, alleging that good and sufficient reasons existed for failure to sooner file the same. Evidence was adduced thereon after which the trial court found for plaintiff and permitted the filing. However, the evidence relating to that matter is not preserved in the bill of exceptions. The primary question then is whether this court can review that discretionary action of the court in the absence of such evidence in the record.

Section 30-1606, R. S. 1943, provides in substance that in appeals in probate matters upon the filing of the transcript the district court shall be possessed of the action and shall proceed in like manner as upon appeals from the county court in civil actions. Section 24-544, R. S. 1943, provides that the appeal therefrom in civil actions shall be taken in the same manner as from justice courts. With

reference to appeals from justice courts, section 27-1305, R. S. 1943, provides that the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court. Section 27-1306, R. S. 1943, provides that plaintiff in the court below shall, within fifty days after the rendition of the judgment in the court below, file his petition as required in civil cases in the district court.

No authorities are cited directly in point but it will be observed that the transcript confers jurisdiction upon the district court which is vested with sound judicial discretion in such matters, and we find no statute providing that the court loses jurisdiction if the appellee, being plaintiff, fails to file his petition within the time required.

It was held by this court in Myers v. Hall County, 130 Neb. 13, 263 N. W. 486: "In a court of general jurisdiction, where jurisdiction is exercised in proper proceedings, a presumption of its existence may be indulged on appeal to sustain a judgment in absence of a record showing the contrary, but nonexistence of jurisdiction will not be presumed to reverse a judgment."

We conclude that the applicable rule in cases similar to the one at bar should be that where the district court, on an appeal perfected by defendant from the county court, permits plaintiff upon application therefor to file his petition on appeal out of time it will be presumed on appeal to this court, in the absence of a record to the contrary, that good cause was shown and that the district court thereby exercised a sound judicial discretion.

We conclude that the trial court did not err in refusing to nonsuit the plaintiff or strike plaintiff's petition on appeal from the files.

We find no merit in defendant's contention that the trial court erred in refusing to sustain his application for change of judge or change of venue. His showing in that respect does not come within the provisions of any disqualifying statute. The mere fact that a trial judge has expressed an opinion upon a question of law, applicable to undis-

puted or admitted facts, does not subsequently disqualify him in the trial of a cause involving such question. The implications of any other conclusion can be readily imagined. Under defendant's own evidence and by reason of his own admissions only questions of law were ever involved in this case and only one decision could have been correctly made by the judge of any court having jurisdiction. The trial judge made that decision and an examintion of the record de novo by this court discloses that the trial court was eminently fair and just with all the parties throughout the trial.

Defendant complains of a defect of parties for the reason that two children alleged to have been selected by him to receive benefits, as provided in the will, were not made defendants. Defendant's answer did not disclose their names. No record of their designation appeared in the county court records, and their identity was unknown and not disclosed until defendant testified under oath at the trial. Concededly, they have never received any benefits. To sustain such contention would make it utterly impossible to ever maintain a similar action because such persons would exist only in the mind of the trustee, changeable at his convenience to defeat the action. Section 25-323, R. S. 1943, specifically provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; * * *." The latter was the very purpose for which this present action was instituted. As a matter of fact in a proceeding involving a charitable trust, such as the one at bar, the Attorney General is a party litigant representative of, as well as counsel for, the public which is the real beneficiary of the trust. Thatcher v. St. Louis, 343 Mo. 597, 122 S. W. 2d 915. See, also, 62 A. L. R. 885. We conclude that all necessary parties were before the court.

During the trial plaintiff offered and the trial court received evidence of defendant taken at a former hearing relating to the transactions involved as admissions against

him. We believe that this evidence was properly admitted but, in any event, the alleged error in admitting it would not require reversal for the reason that "In a case tried to the court, the presumption obtains that the court, in arriving at a decision, will consider such evidence only as is competent and relevant, and this court will not reverse a case so tried because other evidence was admitted." Coffin v. Maitland, 146 Neb. 477, 20 N. W. 2d 310. Further, an examination of the record also discloses that defendant made in effect the same admissions in his own testimony at the trial in the district court.

The alleged error of the trial court in refusing to permit defendant to relate conversations had with deceased in explanation of the will, which within its four corners is not ambiguous in any degree, latent or otherwise, in relation to the trust and requires no explanation or construction to ascertain the intention of the testator, is also without merit. The applicable rule is that: "Where the language of a will is clear and unambiguous, the intention of the testator must be determined from the language thereof and extrinsic evidence is not admissible." In re Estate of Robinson, 139 Neb. 707, 298 N. W. 559.

Finally defendant contends that if he is removed the trust will fail and be destroyed because the testator imposed a special discretion and confidence in him. He relies upon the rule stated in Restatement of the Law, Trusts, ch. 11, § 397, p. 1190: "If the settlor manifests an intention that the intended charitable trust shall not arise or shall not continue unless the person named by him acts as trustee, or if the purposes of the trust cannot be carried out unless the person named by him acts as trustee, the intended charitable trust fails unless the person named by him as trustee acts as trustee."

The answer to that contention must be and is that the present case does not come within that rule because no such intention is manifested in any manner by provisions of the will and other trustees can, as well or better, carry out the purposes of the trust which defendant has wholly

failed and refused to do. Rather the applicable rule is that "The powers conferred upon a trustee of a charitable trust can properly be exercised by his successors, unless it is otherwise provided by the terms of the .trust." Restatement of the Law, Trusts, § 385, p. 1179.

Other legal propositions are presented in briefs of counsel but we do not find it necessary to discuss them in this opinion. For the reasons heretofore stated, we conclude that the judgment of the trial court was correct, and it is affirmed.

AFFIRMED.

PAINE, J., participating on briefs.