IN RE ESTATE OF LINDEKUGEL. WILLIAM A. EHLERS, APPELLANT, V. HENRY G. LINDEKUGEL ET AL., EXECUTORS, APPELLEES.

27 N. W. 2d 169.

Filed April 18, 1947. No. 32216.

272

*William A. Ehlers*, pro se.

*Crosby & Crosby*, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

On May 13, 1943, one William A. Ehlers filed an application for order to show cause in the county court of Lincoln County against the executors of the estate of August Lindekugel, deceased. It appears from the application that the applicant is the assignee and owner of a certain claim filed by the Bank of Lincoln County, Hershey, Nebraska, against the estate, which was allowed on July 24, 1930, in the sum of $759.10 with interest at 10 percent per annum from January 13, 1930, until paid. Order barring claims was entered October 24, 1930. On July 7, 1931, the executors of the estate requested and obtained an order from the county court for an extension of time in which to sell and convert the assets of the estate, particularly certain land and water rights in Larimer County, Colorado, into cash. The time was extended until December 26, 1931, for such purpose. The application sets forth a factual situation wherein the applicant claims the executors failed to comply with the order of the court, were negligent in their duties in not properly handling the estate, and were guilty of waste and misappropriation of the funds of the estate by disobedience of orders of the county court. The prayer of the application is

to personally surcharge the executors with the amount due and unpaid on the allowed claim.

The executors filed an answer setting forth an explanation of their acts and doings in their official capacity in handling the estate; denying negligence on their part; and asserting the applicant had full and complete knowledge of all the transactions with reference to the subject matter set forth in his application. On August 15, 1944, the matter came on for hearing before the county court. On February 28, 1945, the county court entered judgment against the applicant. The applicant filed an appeal bond on March 12, 1945, to the district court, which was approved on the same day. Transcript of the proceedings in the county court was filed in the district court on March 26, 1945. On August 15, 1946, the executors of the estate filed a motion to dismiss the appeal for the reason that the applicant had failed to file his petition in the district court as provided for and required by section 30-1606, R. S. 1943. The matter was heard in the district court on September 28, 1946. On October 4, 1946, the district court entered an order dismissing the appeal. The applicant, William A. Ehlers, appeals from this order.

The applicant will hereinafter be referred to as the appellant, and the executors as the appellees.

The sole question presented for determination in this appeal is whether or not the district court erred in nonsuiting the appellant for failure to file his petition on appeal in the district court within 50 days from and after the date of the rendition of the judgment in the county court.

There is no bill of exceptions filed in this court.

Section 30-1606, R. S. 1943, provides, in substance, that in appeals in probate matters, upon the filing of the transcript the district court shall be possessed of the action, and shall proceed in like manner as upon appeals from the county court in civil actions.

In the case of Weideman v. Estate of Peterson, 129

Neb. 74, 261 N. W. 150, this court held: "The rule announced in Estate of Fitzgerald v. Union Savings Bank, 65 Neb. 97, that, 'on appeal to the district court from an order of the county court allowing or rejecting a claim against an estate, pleadings need not be filed unless directed by the court,' *held* abrogated by statutory changes of legislative enactment on which such rule was based." This court further held that the filing of a petition in the district court was now a requirement on appeal.

The appellant cites In re Estate of Jelinek, 146 Neb. 452, 20 N. W. 2d 325. In this case the appellees cross-appealed, contending that where several claimants file separate claims against the estate in the county court, which claims upon hearing are disallowed, it is necessary for each claimant to file a separate transcript with reference to their particular claim in order to confer jurisdiction in the district court, and citing sections 30-1601 to 30-1608, inclusive, R. S. 1943. This court held that the separate claims may be included in one transcript, and that the district court acquired jurisdiction to hear and determine the claims involved in the action. Other procedural steps were not in issue.

It appears from the brief of the appellees in the aforesaid case that the appellant and other claimants likewise had failed to file petitions in the district court. However, the plaintiff did file a petition in the district court on appeal after the expiration of 50 days from the date of rendition of the judgment in the county court. There was no contention made by the appellees that the plaintiff be nonsuited for failure to file a petition on appeal in the district court within 50 days from the date of rendition of judgment in the county court. It will be observed that the case did not determine the issue here involved.

Section 24-544, R. S. 1943, provides in part: "In civil actions brought under the provisions of sections 24-501 to 24-553, either party may appeal from the judgment

of the county court, in the manner as provided by law in cases tried and determined by justices of the peace."

With reference to appeals from justice courts, section 27-1305, R. S. 1943, provides that the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court.

Section 27-1306, R. S. 1943, provides that the plaintiff in the court below shall, within 50 days after the rendition of the judgment in the court below, file his petition as required in civil cases in the district court.

In the instant case the appellant is the plaintiff in the district court. He seeks affirmative relief.

Section 30-1601, R. S. 1943, provides: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county court to the district court by any person against whom any such order, judgment or decree may be made or by who may be affected thereby."

In the case of In re Grblny's Estate, 147 Neb. 117, 22 N. W. 2d 488, the defendant contended the trial court erred in refusing to nonsuit the plaintiff, or strike his petition on appeal from the files, for the reason that the plaintiff failed to get his petition on appeal filed within 50 days from the date of the judgment in the county court. The plaintiff had filed a motion asking leave to file the petition out of time, alleging that good and sufficient reasons existed for failure to sooner file the same. Evidence was adduced thereon, after which the trial court found for the plaintiff and permitted the filing. The evidence was not preserved in the bill of exceptions. This court held that the rule should be that where the district court, in an appeal perfected by the defendant from the county court permits the plaintiff upon application therefor to file his petition on appeal out of time, it will be presumed on appeal to this court, in the absence of a record to the contrary, that good cause was shown and the district court thereby exercised a sound judicial discretion. We followed Myers v. Hall

County, 130 Neb. 13, 263 N. W. 486, which holds: "Where the district court, on appeal by plaintiff from the county board, overrules a motion by defendant to strike the petition on appeal from the record and to enter a nonsuit, because the petition was not filed within the statutory period of 50 days, nor good cause for the delay shown, it will be presumed on appeal to the supreme court that good cause was shown, in absence of a record disclosing the contrary."

It will be observed by the cases, In re Grblny's Estate, *supra,* and Myers v. Hall County, *supra,* that petitions were filed on appeal in the district court out of time, good cause was presumed, and the trial court did not abuse his discretion in permitting the filing of the petition. In the instant case the appellant failed to file a petition in the district court on appeal at any time, and more than five months had elapsed from the date of rendition of the judgment in the county court before the motion for nonsuit of the plaintiff was heard.

In an affidavit appearing in the transcript, filed September 27, 1946, a day previous to the date the matter was heard in the district court, the appellant stated in substance that by correspondence between counsel for the respective parties, they were proceeding upon the theory that no petition upon appeal was required, and the affiant did not learn otherwise until the motion was filed to dismiss the appeal, and in a letter dated August 14, 1946, the appellee's counsel, for the first time, stated in substance that it had been their thought that filing a petition on appeal was not necessary, for under the old statutes that was true. The appellant then stated that he was ready to file petition on appeal if so required by the court, and ready for trial by jury when a jury would be called in Lincoln County for the trial of jury cases. The record fails to disclose any competent evidence for good cause shown as to why the petition on appeal was not filed as provided for by law.

In any event, the affidavit appearing in the transcript does not constitute a good or sufficient cause for the failure to file a petition on appeal as required by law. Under the circumstances there is no occasion for this court to presume good cause was shown because, as heretofore stated, more than five months had elapsed and the plaintiff failed to file a petition on appeal, and never has filed a petition. As heretofore pointed out, a clear distinction exists between the cases of In re Grblny's Estate, *supra,* Myers v. Hall County, *supra,* and the instant case.

Section 27-1307, R. S. 1943, provides in part: "If the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, * * * shall fail to file his petition within fifty days from the date of the rendition of such judgment by the justice, unless the court, on good cause shown, shall otherwise order, or otherwise neglect to prosecute to final judgment, the plaintiff shall become nonsuited; * * *." See, also, Hess v. Hess, 78 Neb. 347, 110 N. W. 999; Jacoby v. Mitchell, 19 Neb. 537, 26 N. W. 255.

We conclude the trial court did not err, under the circumstances, in nonsuiting the appellant for failure to file a petition on appeal. Judgment affirmed.

AFFIRMED.

CARTER, J., participating on briefs.