40 N.W.2d 536 (1950)
152 Neb. 165
In re MYERS' ESTATE.
HUNT
v.
NEFF.
No. 32730.
Supreme Court of Nebraska.
January 6, 1950.
*537 Frank M. Johnson, Lexington, James Hugh Stuart, Lexington, for appellant.
W. A. Stewart, Lexington, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.
BOSLAUGH, Justice.
Appellant filed a claim against the estate of George W. Myers, deceased, in the county court of Dawson County; appellee interposed objections thereto; and hearing was had and the claim disallowed. Appellant appealed to the district court; failed to file a petition therein within the time required; and on motion of appellee the appeal was dismissed. The appeal is from the judgment of dismissal.
When a claimant appeals from a judgment of a county court disallowing his claim against an estate, he is the plaintiff within the meaning of the statutory provisions providing for an appeal, and it is his duty to file a petition in the district court within 50 days from the rendition of the judgment in the county court. Section 27-1306, R.S.1943; In re Estate of Kothe, 131 Neb. 780, 270 N.W. 117; Weideman v. Estate of Peterson, 129 Neb. 74, 261 N.W. *538 150; In re Estate of Lindekugel, 148 Neb. 271, 27 N.W.2d 169.
The claim of appellant was disallowed by the county court on the 3d day of June 1949, and the time within which she was required to file, and could have of right filed, a petition in the district court on appeal from the disallowance of her claim, expired with the 23d day of July 1949. She did not file a petition as required, and 4 days thereafter appellee moved for a non-suit because of her default. On August 3, 1949, the 61st day after the claim was denied, appellant by motion requested leave to file a petition in the district court.
The showing in support of the motion for leave to file the petition after July 23, 1949, was: That the office of counsel for appellant was without stenographic assistance during the month of June 1949, and the counsel were "only able to take care of those things that required immediate attention"; that they did have stenographic assistance commencing on July 1 and through July 23; that one of the counsel was disabled by sickness from July 2 to July 11, and thereby prevented from performing any professional duties during that period; that the other attorney for appellant was, during the month of June and the early part of July, chairman of a committee to secure funds for the purchase, to purchase, select locations for the erection of, and to have installed street markets of the streets of the city of Lexington; that the work of the committee engaged much of his time during that period; that he was a reserve officer in the Army, and to continue his status was required to have two weeks' service in each two-year period; and that he gave notice the latter part of March of his desire to have two weeks' active duty, received orders on July 6 to leave Lexington not later than July 8 for active duty, and he left on that date and was absent until July 24, 1949.
The manner of the appeal was regular and the transcript filed in the district court vested jurisdiction of the case. The failure of appellant to timely file a petition did not affect or defeat jurisdiction. Mandatory in the solution of the problem presented to the district court was the exercise of a legal discretion. In re Estate of Grblny, 147 Neb. 117, 22 N.W.2d 488. Appellant concedes this and contends for a determination by this court of abuse of discretion by the district court. The reasons given by appellant for her default in pleading were not satisfactory and are far short of being so conclusive as to compel the district court to but one conclusionthat in favor of appellant. The ruling of the court was based upon a consideration of evidence, and there is no indication that it acted arbitrarily or capriciously. A discretionary duty is imposed upon a district court to determine whether or not good cause has been shown for the failure of a party to plead within the time required. After the court has heard the excuses and reasons of a party in default for his failure, and in the exercise of a legal discretion has decided that no sufficient cause has been shown, this court will not ordinarily disturb the decision.
The judgment of the district court should be and hereby is affirmed.
Affirmed.
CHAPPELL, Justice (dissenting).
I respectfully dissent, believing that the trial court abused its judicial discretion. In Pettegrew v. Pettegrew, 128 Neb. 783, 260 N.W. 287, 289, this court said: "What is meant by judicial `discretion' is indicated by the following excerpt from an opinion by the Supreme Court of the United States:
"`The term "discretion" denotes the absence of a hard and fast rule. The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027. When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520."
In First Trust Co. v. Thompson, 147 Neb. 366, 23 N.W.2d 339, 342, this court again approved the foregoing statement as a foundation for the holding that: "The court, in the exercise of a sound discretion, must, *539 when fully advised, decide * * * according to the very right".
Good cause, as used in section 27-1307, R.S.1943, means a just and reasonable cause under the particular circumstances presented. The word "good" is a comparative adjective, which does not import or require absolute perfection, else there would be no need for judicial discretion. Good modifies cause, which is synonymous with reason, motive, excuse, or justification, as distinguished from technical legal cause.
In the exercise of a judicial discretion, the trial court should protect and preserve the rights of litigants when that can be done without prejudice to any rights of the other party, as could and should have been done in the case at bar. In other words, judicial discretion should be exercised to administer justice and not to deny it.
The record here discloses that on December 13, 1948, a petition for the administration of the estate of George W. Myers, who died intestate on December 9, 1948, was filed in the county court by his daughter, as sole heir at law, who resided in Atlanta, Georgia, with her mother, long since divorced from her father. Letters of administration issued, and John M. Neff was appointed administrator on January 10, 1949. On that date an inventory was filed by him, listing cash on hand and in banks, aggregating $12,717.56.
On April 27, 1949, Lulu Hunt, a sister of deceased, filed a claim against the estate for board, room, washing, mending, and sickness care of deceased from May 1, 1943, to December 1, 1948, a total of 67 months, at $60 a month, or $4,020, less $296.55 paid thereon, leaving a balance of $3,723.45 due and unpaid. Objections to the claim were filed by the administrator on May 2, 1949.
After hearing, the county court on June 3, 1949, disallowed the claim, solely upon the ground that the relationship of brother and sister between deceased and claimant "raised a strong presumption that the services rendered as set forth in said claim was in fact gratiitous (gratuitous) and that the evidence is insufficient to establish a contract, express or implied, between the claimant and said deceased to overcome said presumption."
Notice of appeal therefrom, with request for transcript, was filed by claimant on June 9, 1949. An appeal bond was fixed, filed, and approved on the same date. Transcript was prepared on June 20, 1949, and filed in the district court on June 22, 1949.
Time for filing claimant's petition on appeal expired with July 23, 1949. In the meantime, however, counsel for the estate knew that such a petition would be filed, and called counsel for claimant, requesting a copy thereof. Nevertheless, on July 27, 1949, counsel for the estate filed a motion to dismiss the appeal upon the ground that claimant had not filed a petition in the action, although "the time for filing a petition has long since passed."
True, claimant's proposed petition and her application to file the same were not filed until August 3, 1949, but admittedly the cause could not have been heard by the district court in any event until the opening of the next term thereof on September 26, 1949.
When the motion to dismiss was heard by the trial court on August 23, 1949, there was then before it claimant's original claim, with objections thereto, the county court's decree of disallowance in effect holding that the services had been rendered as alleged by the claimant but nevertheless she could not recover thereon, and claimant's proposed petition and application to file the same, supported by undisputed evidence.
In claimant's petition, she alleged substantially that in the spring of 1943 George W. Myers, then 80 years of age, living alone and in failing health, sold his farm in Iowa and sought a place to spend his remaining years. On or about May 1, 1943, he came to Lexington where claimant lived alone in her home, and employed her to furnish board, room, and care, promising to pay her therefor. That from May 1, 1943, continuously until December 8, 1948, when he was removed to the hospital, seized with his last illness, claimant furnished George W. Myers a room in her home, three meals a day, washed, ironed, and mended his clothes, cared for him in health and nursed him in illness, for which she *540 was paid, over a period of 5 years 7 months and 8 days, only the sum of $296.55.
In that situation, after hearing, the district court found that claimant's petition was not filed within 50 days, as provided by law, and that no good cause having been shown by claimant, as provided by section 27-1307, R.S.1943, her appeal "was not perfected within the time as provided by law.; this Court did not acquire jurisdiction and that said appeal should be dismissed."
As a matter of course, it was not claimant's petition but the filing of the transcript from the county court in the district court which gave it jurisdiction to hear the case wherein, except as otherwise specifically provided, "the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court". Section 27-1305, R.S.1943.
It appears to me that, as a result of the trial court's abuse of judicial discretion, claimant has been arbitrarily, unreasonably, and unjustly deprived of her right to have a remedy by due course of law and have justice administered without denial or delay, as guaranteed by Article I, section 13, Constitution of Nebraska.
SIMMONS, C. J., concurs in this dissent.