IN RE APPLICATION OF THE CITY OF SEWARD, NEBRASKA, A MUNICIPAL CORPORATION AND BODY CORPORATE AND POLITIC TO CONDEMN REAL ESTATE FOR FLOOD CONTROL PURPOSES. CITY OF SEWARD, APPELLEE, v. LOUIS E. GRUNTORAD ET AL., APPELLANTS, SEWARD COUNTY AGRICULTURAL SOCIETY, APPELLEE.

62 N. W. 2d 537

Filed February 5, 1954. No. 33456.

*William L. Walker* and *Earl Ludlam,* for appellants.

*Flansburg & Flansburg, Paul H. Bek,* and *Harry L. Norval,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a proceeding brought in the county court by the city of Seward to condemn two pieces of real estate. The property was alleged to be owned by Louis E. and Lillian Gruntorad, hereinafter called the appellants, and the Seward County Agricultural Society, hereinafter called the Society. Appraisers were appointed. On June 16, 1952, the appellants filed an answer in which they alleged a series of reasons to sustain the prayer of the answer that the petition of the city to condemn be dismissed. The appraisers reported June 17, 1952, fixing the damages of the appellants as $1,382, and of the Society as $255.

On June 20, 1952, the appellants filed a notice of appeal to the district court. On July 16, 1952, appeal bond and praecipe for transcript were filed. On July 17, 1952, the transcript was filed in the district court.

On September 18, 1952, the city filed a motion to dismiss for reasons that (1) no appeal bond was filed as required by law, and (2) the appellants failed to file a petition in the district court.

On October 8, 1952, the appellants filed a pleading denominated an "Answer and Cross-Petition" together

with interrogatories. On October 15, 1952, the appellants filed a motion for leave to file a petition, a copy of which was attached to the motion. This proposed petition sought a dismissal of the city's action, a decree directing a restoration of the property to the condition in which it was taken in condemnation, a decree declaring that they owned all of the property, and if dismissal was not granted, that they recover consequential damages.

To this motion the city filed objections and renewed the motion to dismiss. The date of the filing of this motion does not appear in the transcript.

On June 4, 1953, the matter came on for hearing in the district court. The journal recites that the Society offered to make an assignment of its award to the appellants "as a condition of dismissal of the appeal." The court ordered the appeal dismissed and required the Society to assign its award to the appellants. From that order the appellants appeal here. We affirm the judgment of the trial court.

The provisions of the eminent domain statute which are to be construed here are found in Chapter 76, article 7, R. S. Supp., 1953. This act was Chapter 101, Laws 1951. It became effective May 21, 1951. The title recites that it was an act, in part, "to provide a uniform procedure for the condemnation of property for public use."

Appellants contend that the act leaves the procedure in conflict and confusion. The conflict and confusion which appellants find disappear when the act is analyzed as to each step in perfecting an appeal and making of issues in the district court on appeal.

In In re Application of Silberman, 153 Neb. 338, 44 N. W. 2d 595, we restated these rules:

" 'In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced

from the whole will prevail over that of a particular part considered separately.

" 'Provided always that the interpretation of a statute is reasonable and not in conflict with legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof and it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not.' "

The above rules have been followed since in Allen v. Tobin, 155 Neb. 212, 51 N. W. 2d 338, and Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409.

Section 76-715, R. S. Supp., 1953, provides that either the condemner or condemnee may appeal from the assessment of damages by the appraisers. The first step is the filing of a notice of appeal with the county judge within 30 days from the date of filing of the report of the appraisers.

Section 76-717, R. S. Supp., 1953, provides that within 30 days from the filing of the notice of appeal the county judge shall prepare and transmit to the clerk of the district court a duly certified transcript of all proceedings upon payment of the legal fee therefor.

Section 76-717, R. S. Supp., 1953, then provides: "The proceeding shall be docketed in the district court, showing the party first appealing as the plaintiff and the other party as the defendant." There can be no uncertainty as to the meaning of that provision. The Gruntorads as the parties first appealing became plaintiffs in the district court.

The section then provides: "After docketing of the appeal, the issues shall be made up and tried in the district court in the same manner as an appeal from the county court to the district court in a civil action."

Section 24-544, R. R. S. 1943, provides that in civil actions either party may appeal from the judgment of the county court "in the manner as provided by law in cases tried and determined by justices of the peace."

Section 27-1303, R. R. S. 1943, provides that the justice shall make a certified transcript of his proceedings, including the undertaking on appeal, and deliver it to appellant who shall deliver it to the clerk of the court "within thirty days next following the rendition of such judgment."

Section 27-1305, R. R. S. 1943, provides that in such an appeal "The plaintiff in the court below shall be the plaintiff in the district court." Appellants find a conflict between the above provision and that in section 76-717, R. S. Supp., 1953, with reference to the docketing of parties. There is no conflict in fact for the reference to the appeal procedure comes after the designation of the parties is definitely fixed in section 76-717, R. S. Supp., 1953.

Section 27-1306, R. R. S. 1943, provides that in all cases of appeal from the county court or justice of the peace, the plaintiff in the court below shall "within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court." This is the sentence that has caused in large part the contentions here.

Appellants say the "in the same manner" provision of section 76-717, R. S. Supp., 1953, does not include the time element involved. We see no merit in this contention. The Legislature did not leave a void in the procedure there. Our holdings are to the contrary. See In re Estate of Lindekugel, 148 Neb. 271, 27 N. W. 2d 169. The 50-day provision applies.

Appellants say they were not the plaintiffs in the court below and hence the provision in section 27-1306, R. R. S. 1943, cannot be applied. As pointed out above

the Legislature made them, as parties appealing, the plaintiffs in the district court.

Appellants point out that the provision in section 27-1306, R. R. S. 1943, calls for a petition to be filed in the district court "within fifty days from and after the date of the rendition of the judgment in the court below." They then point out that a period of 60 days could have elapsed under sections 76-715 and 76-717, R. S. Supp., 1953, before the filing of a transcript was required in this action in the district court, and they argue that if that provision is applicable, they could be required to file a petition 10 days before the filing of a transcript.

It is obvious that the Legislature intended that a plaintiff under section 27-1306, R. R. S. 1943, should have at least 20 days after the filing of a transcript in which to file his petition in the district court. If the issues are to be made up "in the same manner" in the district court in eminent domain under section 76-717, R. S. Supp., 1953, the act should be construed, if it may properly be done, so as to give at least 20 days after the filing of the transcript for the filing of a petition.

Appellants here relate "after the date of the rendition of the judgment" in section 27-1306, R. R. S. 1943, to the "filing of the report of appraisers" under section 76-715, R. S. Supp., 1953. They would start the 50-day period from the latter date. Therein is the fallacy of their position. The date of the rendition of the judgment under section 27-1303, R. R. S. 1943, is also the date for the beginning of the 30-day period for the preparation and filing of the transcript. The 30-day period for the preparation and filing of a transcript, under section 76-717, R. S. Supp., 1953, begins with the filing of the notice of appeal. Reconciled on that basis the two provisions become consistent and in accord with the obvious legislative intent. Accordingly, we hold that the 50-day period for the filing of a petition in the district court on an appeal in eminent domain proceedings under Chapter 76, article 7, R. S. Supp., 1953, begins to run with

the date of the filing of notice of appeal in the county court.

The 50-day period began here then on June 20, 1952, and expired 50 days thereafter, or on August 9, 1952. Appellants filed no pleading until their purported answer and cross-petition on October 8, 1952. Their motion for permission to file a petition came still later on October 15, 1952.

The failure of appellants to timely file a petition in the district court does not affect or defeat jurisdiction. In re Estate of Myers, 152 Neb. 165, 40 N. W. 2d 536.

Section 27-1307, R. R. S. 1943, provides in part: "If the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such appeal to be docketed according to the provisions of this article, shall fail to file his petition within fifty days from the date of the rendition of such judgment by the justice, unless the court, on good cause shown, shall otherwise order, or otherwise neglect to prosecute to final judgment, the plaintiff shall become nonsuited; * * *."

We construed this statute in In re Estate of Lindekugel, *supra*. We applied it in In re Estate of Myers, *supra*, and held: "A discretionary duty is imposed upon a district court to determine whether or not good cause has been shown for the failure of a party to plead within the time required, and after the court has heard the reasons of the party in default for his failure to timely plead, and in the exercise of a legal discretion has decided that no sufficient cause has been shown, this court will not ordinarily disturb the decision of the district court."

The question then is: Was good cause shown?

In their motion for leave to file a petition appellants recited their contentions, heretofore determined, recited that they believed that it was the duty of the city to file a petition in the district court, and that it was not their duty to do so; they recited their contention that

the procedure was confusing, uncertain, and doubtful, and stated that the court should prescribe rules of procedure and order issues made up accordingly. It is to be noted that this showing and request, if it be termed such, for rules of procedure was filed over 2 months after appellants were in default of a petition, and almost a month after the city had on file its motion to dismiss.

When this matter came on for hearing on the motion to dismiss on June 4, 1953, appellants offered their affidavit of counsel in evidence. It is preserved in a bill of exceptions as the only evidence offered at that time. This affidavit recites that appellants' first knowledge of the city's motion to dismiss was had on October 8, 1952, when the answer and cross-petition was filed; that after the statutory provision as to the first appellant being designated a plaintiff the procedure provided becomes uncertain, confused, and doubtful; and that the uncertainty, confusion, and ambiguity is sufficient reason and good cause for their failure to file a petition.

Appellants were in default of a pleading when the city filed its motion to dismiss on September 18, 1952; they remained in default 20 days thereafter when they undertook to file an answer to a petition which was not on file, and it was a week later that they undertook to get permission to file a petition and get guidance from the court. We find no abuse of discretion on the part of the trial court in dismissing the action.

Finally it is urged that the court erred in taxing all costs to appellants. The journal entry makes no reference to costs. Assuming, however, that the costs have been taxed to appellants, we determine the question to prevent a further appeal on that matter. The ordinary rule is that the successful party is entitled to a judgment for costs. Tobas v. Mutual Building & Loan Assn., 147 Neb. 676, 24 N. W. 2d 870.

Section 76-720, R. S. Supp., 1953, provides: "If on any appeal, the appellant shall not obtain a more favorable

judgment than was given by the report of the appraisers, the appellant shall be adjudged to pay all costs made on the appeal."

Appellants contend that they received a more favorable judgment in the district court than that given by the report of the appraisers because of the provision of the decree that the Society should make an assignment of its award to appellants. The report of the appraisers remained exactly the same. It was not changed. The appellants, at best, received only an assignment of the award of a party not appealing. The statute does not relieve them from costs under these circumstances.

The judgment of the trial court is affirmed.

AFFIRMED.