REQUESTED BY: Senator Robert L. Clark Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Clark:
This is in reply to your inquiry, in which you state you are considering legislation, concerning an apparent conflict between Neb.Rev.Stat. § 16-202 (Reissue 1977) and Neb.Rev.Stat. § 18-1615 (Reissue 1977). The first section provides that a city of the first class may only convey real estate by ordinance, while the second section authorizes each city and county of the state which has acquired industrial development projects to sell and convey any real or personal property so acquired; nothing is mentioned as to the requirement of an ordinance in the latter statute.
Neb.Rev.Stat. 18-1615 (Reissue 1977) specifically provides, however,: In addition to any other powers which it may now have, each municipality and each county shall have without any other authority the following powers: . . .' The section then goes on to set forth the authority, mentioned above, to sell and convey real estate required for industrial development projects.
The above-quoted portion of said section, § 18-1615
(Reissue 1977) is clear and unequivocal in its statement that no other authority is necessary. In addition, it is a general rule of statutory construction that a specific statute governs over a general statute. Under this rule, this statute relating to conveyances of property for this specific purpose would govern over the requirement of an ordinance to convey real estate generally.
This interpretation is further strengthened by the original action in the Supreme Court of Nebraska interpreting the Industrial Development Act the case of State ex rel.Meyer v. County of Lancaster, 173 Neb. 195, 113 N.W.2d 63
(1962). In that case, a similar point was raised in regard to counties because of a conflict with another section of the statutes which provided that counties could not convey real estate costing more than $3,000.00 without approval of the electors. To this the Supreme Court stated:
 The applicable rule is that where a legislative act is complete in itself but is repugnant to or in conflict with a prior law which is not referred to nor in express terms repealed by the latter, the earlier statute is repealed by implication as to the latter act, but only to the extent of the repugnancy or conflict. In re Estate of Grblny, 147 Neb. 117, 22 N.W.2d 488.
We believe the foregoing statement is applicable to the present situation and that Neb.Rev.Stat. § 18-1615 governs as to this specific purpose.
If you have any further questions in regard to this matter, please contact us.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General