MARGARET A. PETERSON, A MINOR, BY HELEN PETERSON, NEXT FRIEND, APPELLANT, V. ALLEN C. SKILES ET AL., APPELLEES.

113 N. W. 2d 105

Filed January 26, 1962. No. 35108.

*Dier, Barton & Barton* and *Raun & Samuelson,* for appellant.

*Luebs, Elson & Tracy, Richard A. Huebner, Munro, Parker & Munro,* and *A. W. Storms,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action brought by Helen Peterson, as next friend of her daughter Margaret A. Peterson, to recover damages for injuries sustained by Margaret A. Peterson

in an automobile accident. The defendants are Allen C. Skiles and Robert Schroeder, the drivers of two automobiles involved in the accident, and Floyd Skiles and Edward Schroeder, the owners of the two automobiles and the fathers, respectively, of the operators of the two automobiles. The trial court sustained a motion by Floyd Skiles for summary judgment against the plaintiff. The plaintiff has appealed.

The record shows that a hearing was had in open court at which time the affidavits of Ruth Skiles, Floyd Skiles, Allen C. Skiles, and Gary Skiles, and the deposition of Allen C. Skiles were presented to and considered by the court. After the motion for summary judgment was sustained, plaintiff gave timely notice of appeal and filed her praecipe for a bill of exceptions. The official court reporter advised that he could not provide a bill of exceptions for the reason that he was not present at the hearing. Proceedings were initiated which had for their purpose the procurement of a bill of exceptions. The trial court, after hearing, denied an amendment of the bill of exceptions to include the affidavits and deposition hereinbefore referred to. The bill of exceptions presently before the court contains no evidence taken on the hearing on the motion for summary judgment. It contains nothing except statements of court and counsel on the application to amend the bill of exceptions and other proceedings pertaining thereto. The primary question presented on this appeal is the correctness of the trial court's ruling in denying an amendment of the bill of exceptions by adding thereto the affidavits and deposition considered by the court in sustaining the motion for summary judgment.

The record shows that neither court nor counsel requested the presence of the official court reporter, although he was available.

The preparation and certification of bills of exceptions in this state are governed by rule of the Supreme Court. Rule 7, Rules of the Supreme Court of Nebraska. There

is no statute or rule of court which makes the preparation and certification of a bill of exceptions the exclusive duty of the official court reporter. See Norfolk Packing Co. v. American Ins. Co., 116 Neb. 118, 216 N. W. 309. Under Rule 7 the certificate of the court reporter is all that is required to validate a bill of exceptions, except in case of dispute the district judge, upon notice and hearing, may resolve all proposed amendments upon which the parties cannot agree. By an amendment to Rule 7 d, effective June 2, 1961, it is provided: "If the court reporter is unable to prepare and certify a bill of exceptions, a bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court." Under the foregoing rule the trial court, in the event of inability of the court reporter to do so, is required to have a bill of exceptions prepared under his direction and supervision, and to certify and file the same.

The record shows that all of the evidence in support of the motion for a summary judgment was in writing in the form of affidavits and a deposition. The preparation of a bill of exceptions by the court reporter, under the direction and supervision of the trial court, under such circumstances, would be a simple matter. The court was in error in denying plaintiff a bill of exceptions, or the amendment of the existing bill of exceptions.

We point out that the amendment to Rule 7 d became effective on June 2, 1961, a time prior to the proceedings had herein relating to the obtaining of a bill of exceptions, and, consequently, it is applicable to the present situation. Many points are presented by the defendant Floyd Skiles which we do not deem applicable to the situation here presented.

The preparation and certification of a bill of exceptions is a matter over which the district court has jurisdiction after the Supreme Court has acquired jurisdiction on appeal. No reason exists for a reversal of

the judgment or a dismissal of the appeal in the present case. We reverse the order denying a bill of exceptions only, with directions to the district court to direct and supervise the preparation of a bill of exceptions, and to certify and file the same with the clerk of the district court within 30 days from the date of the release of this opinion. Upon the filing of the bill of exceptions with the clerk of the district court, and notice thereof given to the clerk of this court, the brief days of the parties will be again fixed in conformity with the rules of this court. We do not here imply that the procedure followed under the circumstances of the present case affords an exclusive remedy for obtaining the preparation and certification of a bill of exceptions.

ORDER DENYING A BILL OF EXCEPTIONS
REVERSED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.