IN RE ESTATE OF GUSTAV OST, DECEASED.
FRIEDA LEU, APPELLANT, v. J. R. SWENSON ET AL.,
APPELLEES.
119 N. W. 2d 68

Filed December 28, 1962. No. 35302.

Donald S. Krause, Joseph P. Inserra, and Herbert F. Spielhagen, for appellant.

Swenson, Erickson & Westering, Wincel C. Nelson, Jr., Peter & Peter, and Edward Shafton, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from an order of the district court for Douglas County nonsuiting the appellant for failure to file a petition on appeal from the county court within time.

On April 4, 1961, Gustav Ost died, he then being a resident of Douglas County. On April 7, 1961, a petition for the appointment of an administrator was filed. On May 1, 1961, a petition for the probate of the will of Gustav Ost and for the appointment of the executrix named in the will was filed. On May 25, 1961, objections to the probate of the will were filed by William A. Peter, attorney in fact for 11 heirs of the deceased. After a hearing on the petition for the probate of the will and the objections thereto, the county court on October 10, 1961, denied the probate of the will.

On November 3, 1961, Frieda Leu, nee Frieda Bross, the named executrix in the will, appealed to the district court from the order of the county court denying the probate of the will. Notice of appeal was given and a cost bond filed. The transcript of the county court was filed in the district court on November 17, 1961.

The appellant failed to file a petition on appeal within 50 days as required by section 27-1307, R. R. S. 1943. The petition on appeal was not filed until February 19, 1962, 82 days after the statutory time allowed therefor. On February 2, 1962, William A. Peter as administrator filed a motion to dismiss the appeal. On February 19, 1962, the petition on appeal was filed. On February 26, 1962, William A. Peter as administrator filed a motion to strike the petition on appeal. On March 6, 1962, a motion to strike the motions to dismiss the appeal and to strike the petition on appeal was filed because of the want of capacity on the part of William A. Peter as administrator to make them. On March 7, 1962, a motion was filed to permit the filing of the petition on appeal, supported by the affidavit of appellant's attorney. On March 9, 1962, William A. Peter as administrator and as attorney in fact for 10 named heirs of Gustav Ost, deceased, filed a motion to strike the petition on appeal for the reason that it was filed out of time. On March 19, 1962, after a hearing, the trial court nonsuited the appellant for failure to file a petition on appeal within time. A motion for a new trial was made and overruled, and an appeal taken to this court.

The contention is advanced that, as attorney in fact for heirs of the testator, William A. Peter was not a party concerned within the meaning of section 30-217, R. S. Supp., 1961, and was therefore without authority to appear in the proceeding. An attorney in fact, authorized to represent designated heirs in a specified proceeding, stands in the shoes of such designated heirs and may exercise the powers specified in the same manner as such heirs could exercise them. As an attorney

in fact for named heirs, William A. Peter could properly move for a nonsuit or its equivalent.

The applicable statute provides in part: "If the plaintiff in the action * * * shall fail to file his petition within fifty days from the date of the rendition of such judgment * * * unless the court, on good cause shown, shall otherwise order, or otherwise neglect to prosecute to final judgment, the plaintiff shall become nonsuited; * * *." § 27-1307, R. R. S. 1943. By this statute a discretionary duty is imposed on the district court to determine whether or not good cause has been shown for the failure of a party to file a petition on appeal within the time required. In the absence of an abuse of discretion this court will not ordinarily disturb the decision of the district court. Jensen v. Omaha Public Power Dist., 159 Neb. 277, 66 N. W. 2d 591; City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537; In re Estate of Myers, 152 Neb. 165, 40 N. W. 2d 536.

Whether or not good cause has been shown to permit the filing of a petition on appeal is a question of fact. There is no bill of exceptions in the instant case and consequently we must presume that the evidence sustains the finding of the trial court on the question as to whether or not good cause was shown. Lockard v. Lockard, 169 Neb. 226, 99 N. W. 2d 1; Hilligas v. Farr, 171 Neb. 105, 105 N. W. 2d 578. Numerous affidavits by the parties are contained in the transcript from the district court. It is necessary that the evidence presented at the hearing on a motion be preserved in a bill of exceptions if the ruling of the trial court on the motion is to be presented for review. Wolff v. State, 172 Neb. 65, 108 N. W. 2d 410. It is not sufficient to attach the affidavit to the motion which is made a part of the transcript. Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858; Wolff v. State, *supra*. Affidavits appearing in the transcript cannot be considered. There being no bill of exceptions, there is no basis for a review of the

evidence in this court of the question as to whether or not good cause was shown.

The appellant asserts in her brief that she was unable to obtain a bill of exceptions for the reason that no court reporter was available, that she demanded a court reporter to transcribe the evidence, and that the trial court ordered the hearing to proceed without a court reporter being present. While there is no record before us establishing the foregoing facts, we shall for the purpose of the following discussion assume their correctness.

A court reporter is an officer of the court enjoined by statute to perform the duties provided in section 24-340, R. R. S. 1943. Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151. Where a case is tried for any reason without the presence of a court reporter and the means of providing a bill of exceptions exists, the failure to provide a court reporter is not reversible error unless the litigant is prejudiced. Home Fire Ins. Co. v. Johnson, 43 Neb. 71, 61 N. W. 84; Ripley v. Godden, *supra.*

The preparation and certification of bills of exceptions in this state are governed by rule of the Supreme Court. § 25-1140, R. S. Supp., 1961. There is no statute or rule of court which makes the preparation and certification of a bill of exceptions the exclusive duty of the official court reporter. Under Rule 7 d of the rules of this court, when a court reporter is not present, the trial judge is authorized to have a bill of exceptions prepared under his direction and supervision which shall be certified and filed by him with the clerk of the district court. Peterson v. Skiles, 173 Neb. 223, 113 N. W. 2d 105. The appellant does not contend that she requested or demanded a bill of exceptions as provided by the rules of this court.

The record before us indicates that the motions of the parties were supported by affidavit, although the briefs show that oral evidence was adduced at the trial. A bill of exceptions could have been obtained. There is nothing to indicate that a bill of exceptions so ob-

tained would have prejudiced the rights of litigants. We think this point is controlled by Peterson v. Skiles, *supra*, which holds, as shown by the syllabus, as follows: "When a court reporter is unable to prepare and certify a bill of exceptions, a bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court, all as provided by Rule 7 d, Rules of the Supreme Court."

It necessarily follows that this court cannot review the findings of the trial court on the question of good cause for the reason that the evidence pertaining thereto is not before the court. Under such circumstances it will be presumed that the order of the trial court finding that good cause did not exist for filing the petition on appeal out of time was sustained by the evidence.

AFFIRMED.