IN RE ESTATE OF HOMER L. BUELL, DECEASED. EVERETT SATTERFIELD, APPELLANT, V. ESTATE OF HOMER L. BUELL, DECEASED, APPELLEE.

122 N. W. 2d 247

Filed June 21, 1963. No. 35445.

Robert V. Hoagland, for appellant.

Julius D. Cronin and Edward E. Hannon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

Everett Satterfield, the appellant, filed a contingent claim in proceedings to administer the estate of Homer L. Buell, deceased. Objections to the claim were filed by Bernard T. Buell, the executor of the estate of the deceased. The claim was disallowed by the county court on March 27, 1962. A transcript and a bond on appeal were filed in the district court on April 13, 1962.

On July 20, 1962, the executor filed a motion in the district court to dismiss the appeal because the appellant had failed to file a petition in the district court within 50 days from the date of the rendition of the judgment in the county court. On July 24, 1962, without obtaining prior leave of court, the appellant filed a petition on appeal in the district court. The district court sustained a motion to strike the petition on appeal and dismissed the appeal. The appellant's motion for new trial was overruled and he has appealed to this court.

A claimant who appeals from a judgment of the county court disallowing a claim against the estate of a deceased person is required to file a petition in the district court within 50 days from the date of the rendition of the judgment in the county court. § 27-1306, R. R. S. 1943; In re Estate of Myers, 152 Neb. 165, 40 N. W. 2d 536. If the claimant fails to file a petition within 50 days from the date of the rendition of the judgment in the county court, he shall be nonsuited unless the court on good cause shown shall otherwise order. § 27-1307, R. R. S. 1943. It is a question of fact as to whether good cause has been shown to permit such a petition to be filed out of time. Ordinarily, this court will not disturb the finding and judgment of the district court on that issue in the absence of a showing of an abuse of discretion. Leu v. Swenson, 174 Neb. 591, 119 N. W. 2d 68.

The evidence in this case consists of the transcript of the proceedings in the county court, an affidavit of the attorney for the appellant, and a sworn statement of

the attorney for the executor. There is no substantial dispute concerning the facts.

The judgment of the county court was entered on March 27, 1962. On April 2, 1962, the appellant's attorney suffered a heart attack and did not return to his office until May 1, 1962. The 50 days expired on May 16, 1962. On May 21, 1962, the appellant's attorney wrote to the attorney for the executor suggesting that the case be tried upon the pleadings filed in the county court. On May 23, 1962, the attorney for the executor replied that he preferred that new pleadings be filed and stated that after a petition had been filed he would "thereupon promptly plead." Nothing further of importance occurred until the motion to dismiss was filed on July 20, 1962. A petition on appeal was not filed until July 24, 1962, 119 days after the judgment had been entered in the county court.

The affidavit of the attorney for the appellant states that a backlog of work accumulated during his illness, and that during June 1962, the affiant advised the attorney for the executor several times that a petition would be filed "soon thereafter." The attorney for the executor stated that he asked the appellant's attorney on May 16, 1962, if a petition had been filed, but that he did not recall any conversation with the appellant's attorney in June concerning the filing of the petition. The appellant does not contend that at any time the attorney for the executor agreed to waive objections to a petition being filed out of time. Consequently, the dispute concerning the conversations in June is of no importance.

The evidence in this case shows that the appellant's attorney had recovered from his illness sufficiently to be able to return to his office on May 1, 1962, on at least a part-time basis. Thereafter, there was nothing that prevented him from preparing and filing the petition except the press of other matters. On May 21, 1962, 5 days after the 50-day period had expired, the appellant

sought to obtain a stipulation that the matter be tried upon the pleadings filed in the county court. The attorney for the executor replied promptly that he preferred that new pleadings be filed. The appellant then made no effort to file a petition until more than 60 days later and after a motion to dismiss had been filed. The evidence in this case fails to show good cause which would require the district court to permit a petition to be filed out of time.

The appellant argues that the executor is estopped from asking that the appeal be dismissed because of the failure of the appellant to file a petition in the district court within the time required by statute. The appellant contends that the letter of May 23, 1962, from the attorney for the executor was a representation that the executor would waive any objection to the failure of the appellant to file a petition within time. The letter contained no statement to that effect, but did state that the executor desired to dispose of the matter as soon as possible. The 50-day period had already expired and there is no evidence that the appellant changed his position in any way in reliance upon the alleged representation of the executor.

The letter from the attorney for the executor stated that he would promptly plead after a petition had been filed and that he wanted to dispose of the matter as promptly as possible. This letter could not justify an assumption by the appellant that the executor had no objection to a further 60-day delay.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.