In re Estate of Mary Schrack, deceased.
Bernice Bigger Mitchell, appellee, v. Beulah Tucker, appellant.

158 N. W. 2d 614

Filed May 3, 1968. No. 36806.

Bertrand V. Tibbels, for appellant.

Lovell & Raymond, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an appeal in an estate proceeding. The appellant petitioned the county court of Scotts Bluff County, Nebraska, to admit the will of Mary Schrack, deceased, to probate. Objections were filed, a hearing was held, and the will was refused probate.

The proponent appealed to the district court but failed to file a petition in that court within 50 days. Upon the motion of the contestant, the appeal was dismissed. The proponent has now appealed to this court.

The proponent contends that new pleadings are not required in the district court in appeals in probate proceedings; that the contestant is the "plaintiff" in an appeal in a will contest where the will has been denied probate; and that the trial court abused its discretion in refusing to set aside the order dismissing the appeal and grant the proponent leave to file a petition on appeal.

The proponent's first contention is based, primarily, upon the statute relating to appeals in probate matters. Ch. 30, art. 16, R. R. S. 1943. The statute itself does not require that new pleadings be filed in the district court. But the decisions of this court, since at least 1935, have held that the practice is to file new pleadings in the district court. Weideman v. Estate of Peterson, 129 Neb. 74, 261 N. W. 150; In re Estate of Lindekugel, 148 Neb. 271, 27 N. W. 2d 169.

The proponent's contention that the contestant is the "plaintiff" in a will contest is based upon the theory that a probate proceeding is not a "civil action"; and that the proceedings are not adversary until objections have been filed. Although the argument may have some merit, the matter is not an open question at this time. In Leu v. Swenson, 174 Neb. 591, 119 N. W. 2d 68, this court said: "When an appeal is taken from a judgment of the county court denying the admission of a will to

probate, the party appealing is required to file a petition on appeal within 50 days from the date of the rendition of such judgment unless the court, on good cause shown, shall otherwise order."

The proponent's third contention is based upon the argument that it was unfair to deny the proponent leave to file a petition on appeal after the appeal had been dismissed because the question was debatable and proponent's counsel acted in good faith. A similar argument was rejected in City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537.

Whether there has been "good cause shown" is ordinarily a question of fact. Here, no evidentiary showing was made or preserved.

The purpose of the 50-day requirement in section 27-1307, R. R. S. 1943, is to expedite the disposition of appeals. Anoka-Butte Lumber Co. v. Malerbi, 180 Neb. 256, 142 N. W. 2d 314. In view of the clear statement made in Leu v. Swenson, *supra*, it is difficult to understand the proponent's argument that the law was confused or uncertain. The relitigation of procedural rules which have become well settled should not be encouraged. The record does not show an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.