HENRY RIFFEY, APPELLANT, v. JON SCHULKE, APPELLEE, NEBRASKA STATE BANK, INTERVENER-APPELLEE.
227 N. W. 2d 4

Filed March 20, 1975. No. 39600.

Curtiss & Curtiss, for appellant.

Ryan, Scoville & Uhlir, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This case arose out of an installment contract for the sale of a tract of land in Dixon County, Nebraska. On February 16, 1970, the plaintiff, Henry A. Riffey, entered into a contract to sell the land in question to the defendant, Jon Schulke. The contract price was $34,400 payable in annual installments of $3,000 each commencing July 1, 1970, together with interest at 7 percent from January 15, 1969. The contract provided that: "Neither party shall have the right to sell or assign this contract without the written consent of the other party." The purchaser was to pay the taxes for 1969 and subsequent years. In the event the purchaser failed to pay any installment of principal or interest within 30 days of its due date, or any taxes when due, the entire balance due under the contract became due and payable without further notice and the seller was entitled possession of the premises and all payments by the purchaser were forfeited.

The defendant went into possession and made interest payments to July 1, 1972. No installments of the principal were ever paid. Taxes for 1972 and 1973 were paid by the plaintiff. On May 7, 1971, the defendant mortgaged his interest in the property to the Nebraska State Bank for $19,800. Proceeds of the mortgage were used to improve the property and make interest payments on the contract.

This action was commenced on November 21, 1973, to declare a forfeiture of the contract and eject the defendant from the property. The defendant's answer alleged the property had increased in value and strict foreclosure would be inequitable. The answer prayed

for foreclosure by sale. The Nebraska State Bank intervened in the action alleging the defendant had mortgaged his interest in the property to the intervener and offering to pay the balance due the plaintiff on the contract.

The plaintiff moved for summary judgment against the intervener alleging the mortgage was void under the provision of the contract prohibiting assignment without the written consent of the other party. The intervener moved to dismiss the action alleging it had deposited $46,538.95 in court, which was more than the amount due the plaintiff on the contract. The trial court overruled the plaintiff's motion for summary judgment; found that the plaintiff was not entitled to declare a forfeiture of the contract; found that the plaintiff was entitled to $39,445.98 from the money deposited by the intervener; and retained jurisdiction to dispose of other issues and claims of other parties. The plaintiff has appealed.

An important issue in the case is whether the plaintiff was entitled to strict foreclosure. A contract for the purchase of real estate may be strictly foreclosed where it is clear that the property is of less value than the contract price and that it would not bring a surplus over and above the amount due if a sale were ordered, and such procedure would not offend against justice and equity. Swanson v. Madsen, 145 Neb. 815, 18 N. W. 2d 217. Applications for strict foreclosure of land contracts are addressed to the sound legal discretion of the court, and will be granted where it would be inequitable and unjust to refuse them. Ruhl v. Johnson, 154 Neb. 810, 49 N. W. 2d 687. Strict foreclosure will be decreed only under peculiar and special circumstances where the purchaser does not have a substantial equity in the property. Corn Belt Products Co. v. Mullins, 172 Neb. 561, 110 N. W. 2d 845. Where strict foreclosure is granted, the defaulting party is entitled to a reasonable time to avoid

its consequences by performing the contract. Swanson v. Madsen, *supra.*

The intervener produced evidence, by way of affidavits, that the property had been improved, its value had increased, and it had a value in excess of $125,000 for use as a golf course. This is an amount far in excess of the balance due on the contract and there is no evidence to the contrary. The affidavits were not marked as exhibits and offered at the time of the hearing but were attached to a showing in resistance to the plaintiff's motion for summary judgment filed by the intervener. The bill of exceptions was amended to include the affidavits and the record clearly shows they were considered by the trial court at the consolidated hearing on the motion to dismiss and the motion for summary judgment. See Peterson v. Skiles, 173 Neb. 223, 113 N. W. 2d 105.

A second issue of importance is the effect of the provision in the contract prohibiting assignment of the contract by one party without the consent of the other. The plaintiff contends the defendant had no interest capable of being transferred and the mortgage to the intervener was void.

A provision in a contract for the sale of land prohibiting an assignment of the contract without the consent of the other party is usually considered to be a provision to safeguard performance of the contract. Where the contract has been performed, or performance has been tendered as in this case, the provision is usually considered unenforceable. Wagner v. Cheney, 16 Neb. 202, 20 N. W. 222. See, also, Gwynne v. Goldware, 102 Neb. 260, 166 N. W. 625; Handzel v. Bassi, 343 Ill. App. 281, 99 N. E. 2d 23; Gunsch v. Gunsch (N. D.), 71 N. W. 2d 623; Lambert, Inc. v. Starbrand Sales Corp., 422 F. 2d 621; Annotation, 138 A. L. R. 205.

The entire amount due the plaintiff was tendered to him by payment of more than that amount into court by the intervener. Under these circumstances, the pro-

vision in the contract against assignment did not furnish a defense to the plaintiff against performance.

The plaintiff further argues he will not be made whole by payment of the amount due under the contract in a lump sum because the income tax consequences of the transaction will then be less advantageous to him than installment payments in accordance with the original terms of the contract. The answer to this contention lies in the terms of the contract which provided for automatic escalation of all installments upon default by the purchaser. The entire amount due under the contract has become due and payable and has been paid into court by the intervener.

The judgment of the District Court directing the plaintiff to convey the property to the defendant, directing the clerk to pay to the plaintiff the amount due under the contract upon receipt of the deed and abstract, and granting a lien to the intervener in that amount, was correct. The judgment of the District Court is in all respects affirmed.

AFFIRMED.