THOMAS DALE MARTIN ET AL., APPELLANTS, V. WARD F. BAXTER ET AL., APPELLEES.

254 N. W. 2d 420

Filed June 8, 1977. No. 41049.

Charles H. Truelsen, for appellants.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, and William E. Pfeiffer of Spielhagen, Spielhagen & Pfeiffer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The question before us in this case is whether or not the plaintiffs, sellers, are entitled, as against the defendants, purchasers, to strict foreclosure of a land contract. The trial court refused strict foreclosure. We affirm.

The essential facts are these. On March 9, 1972, the plaintiffs Martin contracted in writing to sell a

farm to the defendant Baxter for the sum of $88,000 upon the following terms: $25,520 down and the balance in 10 equal installments of $6,248, together with annual interest of 7 percent. The contract contained the following provision: ". . . and in case of failure of the said buyer(s) to make any of the aforesaid payments provided for herein or the breach of any other covenant contained herein, this contract shall at the option of the seller(s), be forfeited and determined and the buyer(s) shall forfeit all payments made hereunder, and such payments shall be retained by the seller(s) as liquidated damages in full satisfaction of all the damages sustained, and seller(s) shall have the right to re-enter and take possession of said premises aforesaid.

"That this agreement shall not be assigned by buyer(s) without the written consent of the seller(s)."

On April 11, 1975, Baxter entered into a separate contract to sell the land to the defendants Hadley for the sum of $195,600 "subject to Seller's land contract" with the Martins. At that time all payments of principal and interest on the contract between Martins and Baxter were current with $44,264 of principal having been paid. Plaintiffs elected to declare a forfeiture and refused tender of payments thereafter. They rely upon a claimed breach of the contractual provision against assignment.

This case is governed by the principles announced in Riffey v. Schulke, 193 Neb. 317, 227 N. W. 2d 4.

AFFIRMED.