IN RE CONSERVATORSHIP OF ESTHER HATCHER, ALSO KNOWN AS MARY ESTHER HATCHER.
DOROTHY HORNUNG AND BETTY MARTIN, DAUGHTERS, AND RICHARD HORNUNG, CONSERVATOR, OBJECTORS-APPELLANTS, V. ESTHER HATCHER, ALSO KNOWN AS MARY ESTHER HATCHER, ET AL., APPELLEES.

288 N. W. 2d 276

Filed February 5, 1980. No. 42552.

Roy A. Sheaff and William L. Walker and Earl Ludlam, for appellants.

Michael O. Johanns and Peterson, Bowman, Swanson & Johanns, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

KRIVOSHA, C. J.

This is an appeal from an order of the District Court for Lancaster County, Nebraska, which decreed that the conservatorship created for the benefit of Esther Hatcher be terminated and that the properties of Mrs. Hatcher in the hands of the conservator be returned to her. Two of Mrs. Hatcher's children, Dorothy Hornung and Betty Martin, and the conservator (Objectors) have filed an appeal in this matter, contending that the order of the trial court terminating the conservatorship was in error. We have reviewed the record in this case and find the objections to be without merit. The judgment of the trial court in terminating the conservatorship is therefore affirmed.

The record discloses that in 1973 Mrs. Hatcher and her husband jointly petitioned the county court of Lancaster County, Nebraska, for the appointment of a conservator to manage their assets. In August of 1974 Mrs. Hatcher's husband passed away, and in January of 1977 she filed an application in the county court to terminate the conservatorship. Objections to the termination were filed by Mrs. Hornung and

Mrs. Martin. On March 18, 1977, hearing was had in the county court of Lancaster County, Nebraska, after which hearing the county court determined that no reason existed to continue the conservatorship and ordered it terminated. Thereafter, the Objectors, within 10 days, gave notice of their intention to appeal and duly filed their bond with the clerk of the District Court for Lancaster County, Nebraska. The transcript was also filed in the office of the clerk of the District Court for Lancaster County, Nebraska.

No further action was taken in the matter for a time. On September 12, 1977, Mrs. Hatcher filed a motion to dismiss, maintaining that the Objectors had failed to file a petition on appeal within the time required by law, apparently relying upon the provisions of former section 27-1306, R. R. S. 1943. Section 27-1306, R. R. S. 1943, was repealed in 1972 with the adoption of the court reform act contained in L.B. 1032, Laws 1972. Section 27-1306, R. R. S. 1943, provided that in all cases of appeal from the county court or a justice of the peace court, the plaintiff in the court below must, within 50 days from and after the date of the rendition of the judgment in the court below, file a petition in the District Court. Mrs. Hatcher maintained that the Objectors, being the parties that had appealed, were the plaintiffs in the District Court and had failed to file their petition on appeal within the requisite 50 days.

Hearing before the Honorable Dale Fahrnbruch was had in the District Court for Lancaster County, Nebraska, on the motion to dismiss, and on January 5, 1978, Judge Fahrnbruch found that the adoption of L.B. 1032, Laws 1972, did not specifically repeal section 27-1306, R. R. S. 1943, insofar as it was incorporated into section 30-1606, R. R. S. 1943. Sections 30-1601 to 30-1610, R. R. S. 1943, provide for the procedure to follow in appealing matters arising under the Nebraska Probate Code, which includes conservatorships.

The court further found that under the provisions of former section 27-1306 as incorporated into section 30-1606, a petition on appeal must be filed within 50 days of the county court judgment, relying upon our earlier decision in the case of Estate of Tetherow v. State, 193 Neb. 150, 226 N. W. 2d 116. The trial court then found that notwithstanding our statement in Tetherow to the effect that the party appealing has the burden of filing the petition, the specific provisions of former section 27-1306 require the plaintiff in the court below to file the petition in the District Court.

The trial court therefore concluded that it was Mrs. Hatcher who was the plaintiff in the county court and required to file the petition on appeal in the District Court. Judge Fahrnbruch overruled the motion to dismiss.

Thereafter, Mrs. Hatcher filed a petition on appeal. The Objectors then filed special appearances, maintaining that Mrs. Hatcher's petition on appeal, being filed more than 50 days after judgment in the county court, was now out of time. Judge Fahrnbruch again reviewed the matter and concluded that Mrs. Hatcher should be afforded an opportunity to file the petition on appeal. He therefore ordered that unless Mrs. Hatcher refiled her petition on appeal within 7 days from the date of the order, the appeal would be dismissed. Mrs. Hatcher did, on February 22, 1978, and within the 7 days, refile her petition on appeal.

On August 30, 1978, trial was had on the merits. All the parties appeared before the Honorable William C. Hastings, then one of the judges of the District Court for Lancaster County, Nebraska, and stipulated that the matter might be submitted to the court on the transcript and record of proceedings in the Lancaster County court, notwithstanding the fact that the case was one which is tried to the court de novo. §§ 30-1606 and 25-1105, R. R. S. 1943. Neither party sought to introduce any evidence in the District

Court other than to stipulate that the transcript and record in the county court be considered as the evidence in the District Court. On November 13, 1978, the District Court for Lancaster County, Nebraska, entered an order terminating the conservatorship.

Objectors, after having their motions for new trial overruled, perfected their appeal to this court. Objectors have assigned a number of errors but argue only two in their brief. First, they maintain that the trial court erred in permitting Mrs. Hatcher to file her petition on appeal out of time, and second, they maintain that the District Court erred in sustaining the county court's ruling on certain evidence.

The facts concerning the matter of the evidence are as follows: During the hearing in the county court, Objectors sought to introduce evidence as to Mrs. Hatcher's condition following the creation of the conservatorship. The county court ruled that the relevant issue was her condition at the time the termination was being sought and not at the time the conservatorship was created, and did not permit such evidence to be introduced. Objectors made no offer of proof in the county court, nor did they offer any evidence in the District Court concerning Mrs. Hatcher's previous condition.

We turn first then to Objectors' assignment that the District Court erred in permitting Mrs. Hatcher to file a petition out of time. Section 24-541, R. R. S. 1943, now provides in part as follows: *"In all cases not otherwise specifically provided for,* either party may appeal from the final judgment of the county or municipal court to the district court of the county where the judgment was rendered. * * *." (Emphasis supplied.) Sections 24-542 to 24-550, R. R. S. 1943, then set forth the procedure to follow in perfecting the appeal.

However, appeals involving the Nebraska Probate Code are "otherwise specifically provided for" under the provisions of sections 30-1601 to 30-1610, R. R.

S. 1943, and controlling in cases involving the termination of a conservator such as the case at bar.

Under the provisions of section 30-1602, R. R. S. 1943, "[A]ll appeals shall be taken within thirty days after the decision complained of is made." Likewise, section 30-1603, R. R. S. 1943, provides that a bond shall be filed within 30 days from the rendition of the decision. Section 30-1604, R. R. S. 1943, further provides: "After such bond has been filed, the appeal shall be granted, * * *."

The final jurisdictional requirement is found in section 30-1605, R. R. S. 1943, which provides in effect that the transcript must be filed within 10 days after perfecting such appeal. We have heretofore held that the time for filing such transcript is 40 days from the rendition of the decision. See Caha v. Nelson, 195 Neb. 333, 237 N. W. 2d 870. No other jurisdictional steps are necessary to cause an appeal to be properly filed in the District Court.

We are not unmindful of the fact that we have, on previous occasions, said that a petition on appeal in a probate matter must be filed in the District Court within 50 days following the rendition of the judgment. See, Mitchell v. Tucker, 183 Neb. 155, 158 N. W. 2d 614; In re Estate of Lindekugel, 148 Neb. 271, 27 N. W. 2d 169. Regardless of the reasoning behind those earlier decisions, we are now of the opinion that the filing of a petition on appeal within 50 days is not required.

In 1972 the Legislature adopted L.B. 1032 which repealed all of Chapter 27. In addition, the Legislature, first in 1972 and again in 1974, specifically amended those sections concerning appeals from county court to District Court. See, L.B. 1032, Laws 1972, § 41; L.B. 733, Laws 1974, § 1. There is presently no requirement, express or implied, in either sections 30-1601 to 30-1610 or sections 24-541 to 24-550, R. R. S. 1943, which requires the filing of a petition on appeal by any party. To the extent that the

Mitchell case or the Lindekugel case, or cases of similar import, provided to the contrary, they are overruled. Should additional pleadings be required, the District Court, under its discretionary authority, can always permit amendments to the pleadings in an appropriate case. § 25-852, R. R. S. 1943.

In so overruling our former decisions to the contrary, we do not overrule those cases involving appeals in eminent domain cases and which do require the filing of a petition on appeal within 50 days. See Estate of Tetherow v. State, 193 Neb. 150, 226 N. W. 2d 116. The Tetherow case and others like it were limited to eminent domain cases and were occasioned by reason of the fact that Chapter 76, article 7, of the Nebraska statutes was not covered by L.B. 1032, Laws 1972, and for the further reason that no other specific statutory appeal procedure exists. We do not disturb the procedure prescribed for appeals in eminent domain cases, and suggest seeing Estate of Tetherow v. State, *supra*, and City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537, for the procedure to be followed in such proceedings.

In this case neither party, therefore, was required to file a petition on appeal within 50 days from the rendition of the judgment. No error was committed by the trial court in permitting Mrs. Hatcher to file a petition on appeal which was not required. The Objectors' assignment of error in that regard is without merit.

We now turn to Objectors' second claim, that the District Court erred in sustaining the county court's rulings limiting Objectors' evidence in the county court.

In the first place, Objectors fail to recognize the effect of a de novo trial in the District Court. A trial de novo in a reviewing court is a trial held as if no action whatever had been instituted in the court below. See, Bookstaver v. Town of Westminster, 131 Vt. 133, 300 A. 2d 891 (1973); Rudolph v. State, 286

Ala. 189, 238 So. 2d 542 (1970); In re Hayes, 261 N. C. 616, 135 S. E. 2d 645 (1964). A de novo trial in the District Court on appeal in probate matters is likewise held as if no action whatever had been instituted in the county court. The rulings by the county court ceased to exist with the filing of the appeal in the District Court to the same extent as the judgment itself. Whatever the county court did was not before the District Court for review and is not before us for review. The only matters to be reviewed by this court on appeal are the actions of the District Court in hearing the case as if it had been originally filed in the District Court.

Even if we assume that the objections made by the Objectors in the county court were before the District Court by reason of the parties stipulating to the entire record, including the objections, and the District Court should have permitted the evidence (an issue which we do not decide), the Objectors' assignment of error is without merit. The Objectors failed to make any offer of proof in the District Court. We have frequently stated that the action of the trial court in excluding testimony of a witness may not be reviewed on appeal in the absence of an offer to prove what it is claimed the testimony would show. See Wisnieski v. Coufal, 191 Neb. 598, 216 N. W. 2d 736; Bland v. Fox, 172 Neb. 662, 111 N. W. 2d 537. A reading of the record fails to disclose to us what the evidence would have shown, and therefore we have no way to determine whether the trial court's refusal to accept said evidence constituted prejudicial error. The Objectors' second assignment of error is therefore likewise without merit.

The evidence clearly supports the trial court's finding that Mrs. Hatcher did not require a conservator and could adequately handle her own property.

For the foregoing reasons the decision of the trial court is therefore affirmed.

AFFIRMED.

WHITE, J., concurs in result.

HASTINGS, J., not participating in the decision of this case.