DALE DOBROVOLNY, APPELLANT, V. LLOYD WANISKA, APPELLEE.

395 N.W.2d 480

Filed October 31, 1986. No. 86-616.

Dale Dobrovolny, pro se.

Lloyd Waniska, pro se.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The appellant, Dale Dobrovolny, initially filed a small claim in the county court for Richardson County, Nebraska, claiming $770 due for baling hay. Judgment was entered for Dobrovolny and against Waniska in the amount of $420 plus costs. Dobrovolny appealed to the district court for Richardson County, where the district court affirmed the judgment of the county court. Still dissatisfied with the result, Dobrovolny then appealed to this court, maintaining that the judgment which the court entered should have been for $770 plus interest from January 1, 1982. For reasons more specifically set out herein, we regret that we must reverse and remand with directions to dismiss.

The judgment entered by the district court on June 19, 1986, reads as follows: "Matter came on for trial; petitioner *failed* to appear; defendant's [sic] appeared pro se. Court affirms judgment entered in County Court. Bailiff to notify parties and County Court." (Emphasis supplied.)

Unfortunately, however, under the provisions of Neb. Rev. Stat. § 24-541.07 (Reissue 1985), appeals from small claims court to the district court are tried "de novo." The district court's entry and the absence of a bill of exceptions in this case make it clear that in fact no trial was had, no evidence was adduced, and, therefore, no judgment could be entered. Absent evidence, which appellant was obligated to produce, there was no basis for the district court to enter a judgment for the

plaintiff. In *Fuchser v. Jacobson*, 205 Neb. 786, 788, 290 N.W.2d 449, 451 (1980), we said: "Inasmuch as no specific theories of recovery are required to be pleaded in Small Claims Court, that court's decision must be affirmed by the District Court if it can be founded on any theory *supported by the evidence*." (Emphasis supplied.) The problem in the instant case, however, is that there is no evidence to support the verdict.

It is, of course, unfortunate that such a result must prevail. Nevertheless, if parties choose to represent themselves and fail to appear when it is necessary for them to be present and offer evidence, they must, of necessity, accept the consequences of their acts.

There being no evidence to support the judgment entered by the district court, the judgment must be reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.