TEAGUE GILES SUTHERLAND, APPELLEE, V. IDA M. SHOEMAKER, APPELLANT.

516 N.W.2d 271

Filed May 10, 1994.   No. A-92-974.

John S. Mingus, of Mingus & Mingus, for appellant.

No appearance for appellee.

HANNON and MILLER-LERMAN, Judges, and NORTON, District Judge, Retired.

MILLER-LERMAN, Judge.

Ida M. Shoemaker appeals the district court's dismissal of her appeal from an adverse judgment in small claims court. For the reasons recited below, we dismiss.

A judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 25-1911 (Cum. Supp. 1992). Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *VanDeWalle v. Albion Nat. Bank*, 243 Neb. 496, 500 N.W.2d 566 (1993). An appellate court has authority to examine sua sponte the jurisdiction of a case before it. *Metrejean v. Gunter*, 240 Neb. 166, 481 N.W.2d 176 (1992).

A review of the record shows that Teague Giles Sutherland filed an action in the small claims court of Buffalo County alleging that Shoemaker owed him $686 and costs in connection with a motor vehicle accident. The record shows that Sutherland and Shoemaker appeared for trial and that the trial court entered judgment for $686 plus $10.79 costs and interest to Sutherland.

Shoemaker appealed to the district court for Buffalo County. On September 25, 1992, the district court dismissed her appeal. On October 5, Shoemaker moved for a new trial.

According to the "Corrected Certificate" dated March 11, 1993, signed by the clerk of the district court for Buffalo County, and filed in the Nebraska Court of Appeals, the motion for new trial has not been disposed of. At oral argument, Shoemaker agreed that the motion for new trial has not been ruled on. The notice of appeal to the Nebraska Court of Appeals was filed in the district court on October 29, 1992, and states that it is an appeal "from the decisions [of dismissal] rendered herein on the 25th day of September, 1992."

We have reviewed the flurry of pleadings described above and conclude that this appeal is premature. A notice of

appeal must be filed within 30 days of the final order from which the appeal is taken. Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992). However, a motion for new trial tolls the time during which a notice of appeal must be filed. § 25-1912(2).

Pursuant to Nebraska statute, an appeal from small claims court to district court is tried de novo. Neb. Rev. Stat. § 25-2734 (Reissue 1989). A de novo trial in the district court on appeal from small claims court is held as if no action had been instituted in the small claims court. *Hornung v. Hatcher*, 205 Neb. 449, 288 N.W.2d 276 (1980). The actions of the district court in hearing the case are as if the case had originally been filed in the district court. *Id*. The district court was not sitting as an intermediate appellate court.

Thus, although the filing of a motion for new trial in the district court sitting as an intermediate appellate court is inappropriate and does not toll the time for filing a notice of appeal, *Booker v. Nebraska State Patrol*, 239 Neb. 687, 477 N.W.2d 805 (1991), the filing of Shoemaker's motion for new trial in the district court hearing the case de novo was appropriate and tolled the time for filing a notice of appeal. Since the motion for new trial has not been ruled upon by the district court, the notice of appeal to this court has no effect. See *Jerabeck v. Ritz*, 221 Neb. 448, 377 N.W.2d 540 (1985). The appeal is dismissed.

APPEAL DISMISSED.