TEAGUE GILES SUTHERLAND, APPELLEE,
v. IDA M. SHOEMAKER, APPELLANT.

570 N.W.2d 375

Filed November 10, 1997. No. A-96-871.

John S. Mingus, of Mingus & Mingus, for appellant.

No appearance for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

SIEVERS, Judge.

This case is once again before this court on Ida M. Shoemaker's appeal from the district court's dismissal of her appeal from an adverse judgment in small claims court. In our memorandum opinion filed May 1, 1996, case No. A-94-734, we reversed the district court's first dismissal of Shoemaker's appeal. In that case, the district court held that Shoemaker individually was not the proper appellant because she was named in small claims court as an agent for Mormac Corporation and because Mormac and its insurance carrier had paid the judgment instead of appealing. We held that she was a proper appellant and reversed and remanded. On remand, Teague Giles Sutherland once again moved to dismiss the case, this time under Neb. Rev. Stat. § 25-601(1) (Reissue 1995). The district court again dismissed the case pursuant to this statute.

## STATEMENT OF FACTS

We quote from our May 1, 1996, memorandum decision the following facts of this case:

A review of the record shows that Teague Giles Sutherland filed an action in the small claims court for Buffalo County alleging that Shoemaker owed him $686 and costs in connection with a motor vehicle accident on July 9, 1991. Sutherland alleges that while Shoemaker was

operating a tractor-trailer and proceeding eastbound on Highway 30, she crossed the yellow line to make a very wide and long turn into a driveway. At that point, Sutherland, who was also eastbound, struck Shoemaker on the right dual tire of the tractor. Sutherland alleges that because of the improper turn, Shoemaker should be held responsible for the damages to his truck in the amount of $686. Sutherland's claim also indicates that Shoemaker is a driver for Mormac Trucking. However, Sutherland requested that summons be served on Shoemaker at either her home or work address. The record shows that Sutherland and Shoemaker appeared for trial and that the trial court entered judgment against Shoemaker and for Sutherland in the amount of $686 plus $10.79 costs and interest. Shoemaker appealed this decision to the district court for Buffalo County.

On September 25, 1992, the district court found that Shoemaker individually was not a proper appellant in the instant matter for the reason that she was named in the small claims court as an agent or driver for the corporation Mormac. The district court also found that Mormac and its insurance carrier apparently decided not to proceed with the instant matter beyond the small claims court hearing and paid the small claims judgment in full.

Upon remand, Sutherland again made a motion to dismiss, this time proceeding under § 25-601(1), and the district court dismissed the case, assessing costs to Sutherland.

## ASSIGNMENT OF ERROR

Shoemaker appeals to this court and assigns as error the district court's dismissal of this action. She argues that § 25-601(1) does not apply to actions in the district court which are on appeal from a judgment in small claims court, because the district court is functioning in an appellate capacity in such cases.

## STANDARD OF REVIEW

A judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 25-1911 (Reissue 1995). An appellate court has an obligation to reach a conclusion on a

question of law independent from a trial court's conclusion. *VanDeWalle v. Albion Nat. Bank*, 243 Neb. 496, 500 N.W.2d 566 (1993).

## ANALYSIS

■ Section 25-601 provides in part that "[a]n action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." Additionally, "[i]t is well settled in Nebraska that a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion." *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 426, 299 N.W.2d 435, 436 (1980) (construing § 25-601(1)).

■ An appeal from small claims court to district court is tried de novo, pursuant to Neb. Rev. Stat. § 25-2734 (Reissue 1995). "A trial de novo in a reviewing court is a trial held *as if no action whatever had been instituted* in the court below." (Emphasis supplied.) *Hornung v. Hatcher*, 205 Neb. 449, 455, 288 N.W.2d 276, 280 (1980).

Shoemaker argues that Sutherland should not be able to collect the small claims judgment from Mormac and then dismiss the case under § 25-601(1). The central point of Shoemaker's argument is that the district court, in reviewing a small claims appeal, is functioning as an appellate court, and thus § 25-601(1) does not apply to that kind of action. In other words, Shoemaker argues that because the case had already been "submitted" to the small claims court and decided, the plaintiff no longer had the absolute right to dismiss the case in district court under § 25-601.

In so arguing, Shoemaker perhaps misunderstands the holdings of *Hornung, supra*, and *Dobrovolny v. Waniska*, 224 Neb. 77, 395 N.W.2d 480 (1986). In *Dobrovolny*, the plaintiff filed a small claim in the county court claiming $770 due for baling hay. The county court awarded the plaintiff $420 plus costs, and the plaintiff appealed. However, the plaintiff did not appear for trial in the district court, and the district court affirmed the county court judgment without hearing evidence, stating: " 'Matter came on for trial; petitioner *failed* to appear; defendant's [sic] appeared pro se. Court affirms judgment entered in County Court. . . .' " *Id.* at 77, 395 N.W.2d at 480. The plaintiff

appealed to the Nebraska Supreme Court, which reversed the judgment of the district court. The court reasoned that because appeals from small claims court are tried de novo, the district court has to *hear evidence* which supports the small claims verdict to affirm the judgment of the small claims court. In *Dobrovolny*, of course, "there [was] no evidence [heard] to support the verdict." *Id*. at 78, 395 N.W.2d at 480.

In *Hornung, supra*, the plaintiff filed an application in the county court to terminate a conservatorship that had been created to manage assets which she and her husband owned. Her daughters filed objections to the application. At trial in county court, the objectors sought to introduce evidence of their mother's condition following the creation of the conservatorship. The county court ruled that this evidence was irrelevant and refused to admit it. The objectors did not make an offer of proof. The county court ruled in favor of the plaintiff and terminated the conservatorship. The objectors appealed, and the matter was eventually heard in district court. At the trial in district court, all parties stipulated that the matter be submitted to the court on the transcript of the proceedings from county court, and no other evidence was offered. The district court later entered an order terminating the conservatorship. On appeal to the Nebraska Supreme Court, the objectors argued that the district court erred in sustaining the county court's rulings limiting evidence of the mother's condition.

In affirming the judgment of the district court, the Supreme Court held that

> Objectors fail to recognize the effect of a de novo trial in the District Court. A trial de novo in a reviewing court is a trial held as if no action whatever had been instituted in the court below. [Citations omitted.] The rulings by the county court ceased to exist with the filing of the appeal in the District Court to the same extent as the judgment itself. Whatever the county court did was not before the District Court for review and is not before us for review. The only matters to be reviewed by this court on appeal are the actions of the District Court in hearing the case as if it had been originally filed in the District Court.

*Hornung v. Hatcher*, 205 Neb. 449, 455-56, 288 N.W.2d 276, 280 (1980). See, also, *Sutherland v. Shoemaker*, 2 Neb. App.

845, 516 N.W.2d 271 (1994) (trial de novo in district court on appeal from small claims court held as if no action had been instituted in small claims court).

■ Both *Hornung* and *Dobrovolny* explain the effect of a trial de novo, which is that a completely new proceeding will take place in the district court, as though the small claims action in county court "ceased to exist with the filing of the appeal." *Hornung*, 205 Neb. at 456, 288 N.W.2d at 280. Thus, § 25-601(1) would apply to a case on appeal from the small claims court pending in district court, if there has not been final submission to the district court judge. Even though the case was finally submitted to the small claims court judge, that case in effect ceased to exist for the purposes of a trial de novo on appeal.

However, *Hornung* also stands for the proposition that the small claims court *judgment* ceases to exist with the filing of the appeal from small claims court to district court. Thus, the judgment against Shoemaker was vacated when Shoemaker filed her appeal in district court. The plaintiff chose not to put on evidence in district court, but instead moved to dismiss under § 25-601(1). While our prior discussion demonstrates that the plaintiff had every right to do that, the consequence of that action is that he no longer has a judgment against Shoemaker. In its journal entry of August 2, 1996, the district court made a finding that "the judgment previously entered in the instant matter, in small claims court, was vacated by the appellate procedure from small claims to the district court." The district court was correct in its assessment of this case.

## CONCLUSION

We hold that § 25-601(1) is applicable to an action on appeal as a trial de novo to the district court, and the plaintiff may dismiss the action pursuant to that statute at any time prior to final submission to the court. Additionally, the judgment of the small claims court against Shoemaker was vacated with the filing of the appeal to district court. Therefore, the judgment of the district court dismissing this action is affirmed.

AFFIRMED.