IN RE INTEREST OF MICHAEL M., ALLEGED TO BE A
MENTALLY ILL DANGEROUS PERSON.
MICHAEL M., APPELLANT, V. MENTAL HEALTH BOARD OF THE
SECOND JUDICIAL DISTRICT, APPELLEE.
574 N.W. 2d 774

Filed February 24, 1998.   No. A-97-648.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellant.

No appearance for appellee.

HANNON, MUES, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Michael M. appeals the district court's denial of his motion to seal the records of the appeal of his mental health commitment. For the reasons set forth herein, we affirm as modified, and remand with directions.

## STATEMENT OF FACTS

On July 25, 1994, a mental health petition was filed by the Sarpy County Attorney's office against Michael M. After a hearing on August 4, the Mental Health Board of the Second Judicial District found Michael to be a mentally ill and dangerous person and confined him to the Norfolk Regional Center for treatment and continuing evaluation. Michael appealed that order to the Sarpy County District Court, which affirmed the decision of the board of mental health by written order filed on February 23, 1995.

On May 7, 1997, Michael filed a motion to seal the records of his appeal to the Sarpy County District Court. The motion referenced an attached affidavit and supporting materials and alleged that irreparable harm would occur if Michael's motion to seal was not granted. However, these documents were not offered into evidence at the hearing on Michael's motion to seal and therefore cannot be considered by this court. See *Leu v. Swenson*, 174 Neb. 591, 119 N.W.2d 68 (1962) (it is insufficient to attach affidavit to motion which is made part of transcript, and affidavits appearing in transcript cannot be considered by appellate court).

Following a hearing on Michael's motion to seal, at which time no evidence was adduced, the district court denied Michael's motion to seal. Michael then timely appealed the court's order to this court.

## ASSIGNMENT OF ERROR

Michael's sole assigned error is that the district court erred in denying his motion to seal the records of his mental health appeal to the Sarpy County District Court.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997).

■ In construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *County of Seward v. Andelt*, 251 Neb. 713, 559 N.W.2d 465 (1997); *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997).

## DISCUSSION

Michael's sole claim on appeal is that the district court erroneously denied his motion to seal the records of his mental health appeal. He contends that the confidentiality of mental health proceedings extends to appellate records of mental health proceedings.

The Nebraska Mental Health Commitment Act contains numerous references to the confidentiality of mental health proceedings and mental health records. One of the declared public policy purposes of the Nebraska Mental Health Commitment Act is that "all personal records required by the act shall be confidential except as otherwise specifically provided." Neb. Rev. Stat. § 83-1001 (Cum. Supp. 1996). Mental health board hearings are closed to the public except at the request of the subject. Neb. Rev. Stat. § 83-1055 (Reissue 1994). Further, the Nebraska Mental Health Commitment Act specifically sets forth the persons entitled to the records kept on a subject of a mental health petition. In Neb. Rev. Stat. § 83-1068 (Cum. Supp. 1996), the act provides in part:

> (1) All records kept on any subject of a petition shall remain confidential except as may be provided otherwise

by law. Such records shall be accessible to (a) the subject except as provided in subsection (2) of this section, (b) the subject's counsel, (c) the subject's guardian if the subject is legally incompetent, (d) the mental health board having jurisdiction over the subject, (e) persons authorized by an order of a judge or court, (f) persons authorized by written permission of the subject, or (g) the Nebraska State Patrol or the Department of Public Institutions pursuant to section 69-2409.01.

Additionally, the Nebraska Mental Health Commitment Act provides for a criminal penalty for any person who willfully breaches the confidentiality of records as required by § 83-1068, in addition to any civil liability which may be incurred by such acts. Neb. Rev. Stat. § 83-1069 (Reissue 1994).

The subject of a mental health petition (or the county attorney) has the statutory right to appeal the mental health board's decision to the district court, which reviews the case de novo on the record. Neb. Rev. Stat. § 83-1043 (Reissue 1994). See *In re Interest of Rasmussen*, 236 Neb. 572, 462 N.W.2d 621 (1990) (district court's review of appeal from mental health board is de novo on record). The final judgment of the court shall be certified to and become a part of the records of the mental health board. § 83-1043.

We agree with Michael that the confidentiality of mental health proceedings should not be breached just because the subject elects to avail himself or herself of the statutory right to appeal the board of mental health's decision to the district court. The fact that the subject of a mental health petition takes advantage of his or her statutory right to appeal to the district court does not change the nature of the case, nor does it change the statutory requirements that the records on the subject of a mental health petition are to remain confidential. We do not comment on the confidentiality of cases once they are appealed to the Nebraska Court of Appeals, but we do note that, pursuant to § 83-1043, "[a] final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases."

However, Michael's motion did not request that his records remain confidential. He requested that the records be sealed. We

find no authority within the Nebraska Mental Health Commitment Act which would authorize that the records be sealed. Therefore, the district court correctly denied his motion to seal, and we must affirm the district court's decision.

However, we agree with Michael that records of mental health proceedings which are appealed to the district court are to remain confidential. From our review of the transcript, it appears that this case was originally filed with the clerk of the district court as MH 94-43, which would be part of the Mental Health Board of the Second Judicial District records and be confidential subject to the exceptions enunciated in § 83-1068. However, when the case was appealed to the district court on September 1, 1994, it was renumbered and may have been recorded on the district court's appearance docket and general index or other places available to the general public. If this took place, the records would no longer be confidential. Therefore, we remand this cause to the Sarpy County District Court with directions, if applicable, to remove any information concerning this matter from the Sarpy County District Court's appearance docket and general index and any other places that would violate the requirement of confidentiality. The entire file and all references thereto shall remain a part of the records of the Mental Health Board of the Second Judicial District and shall remain confidential subject to the exceptions enunciated in § 83-1068.

AFFIRMED AS MODIFIED, AND REMANDED WITH DIRECTIONS.